## THOMAS AVENT v. SAMUEL E. McCORKLE et al.

1. VENDOR'S LIEN — EXTINGUISHED WHEN DEBT IS BARRED. — The vendor's lien is an incident of the debt, and is extinguished when the debt is barred.

2. SAME — REVIVAL OF DEBT BARRED BY LIMITATIONS DOES NOT REVIVE LIEN, AS AGAINST CREDITORS. — The lien, once extinguished by the debt being barred, will not be held revived, as against a subsequent judgment creditor of vendee, by a mere promise in writing, reviving the debt.

3. SAME — PRESUMPTION FROM RENEWAL OF NOTE BEARING HIGHER RATE OF INTEREST — CASE IN JUDGMENT. — Where a vendor held a promissory note for a part of the purchase-money of land, unenforced for seventeen years, and then took a sealed note, with an agreement that it should bear a greater interest for

the debt, it is presumed that he intended to waive the vendor's lien; there being nothing in the transaction indicating the purpose of the parties to continue the lien.

APPEAL from the chancery court of Lafayette county. STEARNS, Chancellor.

The facts of this case will be found in the opinion of the court.

*Walter & Scruggs,* for appellants.

The vendor's lien is superior to the judgment lien.    Lindsey v. Bates, 42 Miss. 399 ;  Walton v. Hargrove, ib. 19 ; 13 Vesey, 337, 339, 340, 350 ; 2 Story's Eq., §§ 1225, 1228 ; Mills v. Kelley, 40 Miss. ; Dodge v. Evans, 44 Miss.

Taking a note for the unpaid purchase-money is no waiver of the vendor's lien.   2 Story's Eq. 1226 ;  Muir v. Cross, 10 B. Monr. 277 ;  Howore's Exrs. v. Bakewell, 6 ib. 67 ; 1 Washb. on Real Prop. 539 ; 3 Bibb. 183 ; Thornton v. Knox, 6 B. Monr. 74 ;  Ross v. Whitson, 6 Yerger, 50.

A renewal of the vendee's note is not a waiver of the vendor's lien.    1 Washb. on Real Prop. 539 ;  Mims v. Macon & Western Railroad Company ; 3 Ga. 333 ;  Mims v. Lockett, 23 ib. 237.

The renewed note has all the incidents of the old.   The lien follows the debt, and the debt is not barred by the statute of limitations.   Rev. Code, ch. 37, p. 399 ; 40 Miss. 618 ; 28 ib. 312 ; 33 ib. 135.

*H. A. Barr,* for appellee.

The complainant, on whom the *onus probandi* rested, has failed to show that the note on which he bases his claim was given for the purchase-money of the land.   Fox v. Matthews, 33 Miss. 433 ; Dillard v. Wright, 11 Smedes & Marsh. 455.

The vendor's lien is barred by the statute of limitations. Rev. Code, 339, art. 4 ; ib. 403, art. 31 ; Little & Telford

v. Brown, 2 Leigh, 350, 355 ;   Brown v. Gilman, 4 Wheat. 256, 290, 291 ; Fisher v. Howland, 1 Paige, 20, 31 ; Phillips v. Sanderson, 1 Smedes & Marsh. Ch. 462, 465.

In the opinion of such eminent jurists as Marshall, Story, Gaston, Catron and Sharkey, the secret lien of a vendor should not be enforced against judgment creditors. Baley v. Greenleaf, 7 Wheat. 50 ; Gilman v. Brown, 1 Mason, 221 ; Johnston v. Cauthorn, 1 Dev. & Batt. 35 ; Green v. Chaster, 5 Yerger, 209 ; Kilpatrick v. Kilpatrick, 23 Miss. 127 ; 1 How. (U. S.) 161; Angel on Limitations, (4th ed.) §§ 25 and 171 ; 1 How. (U. S.) 198 ; 2 Story's Eq., § 1520, 3d note, and cases there cited.

Where, for any reason, no presumption arises that a lien was intended to be charged on the land by the parties, no implied lien is raised by the law.   Servis v. Beatty, 32 Miss. 81 ; 2 Story's Eq., § 1226, note 2 ; 1 Bland. Ch. 523 ; Winter v. Anson, 1 Sim. & Stuart, 444.

It is the public policy to require registration of all liens. 1 Mason, 192 ; 7 Wheat. 46 ; 4 Kent, 158 ; 23 Miss. 127.

Simrall, J. :

This is a controversy as between the vendor's lien, and judgment creditors, as to the superiority of liens.

The lands in controversy were sold and conveyed in 1850, by Thomas Avent to W. F. Avent.   Part of the consideration money was paid down, and the balance was left on a credit.   What was the length of the credit the record does not show.   In 1860 this unpaid balance was renewed by the sealed note, or bill single of W. F. Avent, payable one day after date.   The former evidence of the indebtedness was taken up, which bears interest at six per cent. The renewed note, although no rate of interest was specified on its face, was, by agreement, to bear interest at ten per cent.

For the vendor it is argued that his lien is superior, because the lien of a judgment is subject to all the equities against the debtor, which exist at the time in favor of third persons, and that it shall be limited to the actual interest of

the judgment debtor in the property. Walton v. Hargroves 22 Miss. 26. In this case the litigation was between the vendor, who sold and conveyed on the 20th January, A. D. 1860, and a creditor who recovered judgment the 8th of June, 1860. These dates are referred to, as they may be important, in the subsequent discussion.

There can be no doubt that the lien in favor of Thomas Avent, the vendor, once existed. As between him and Wm. F. Avent, the vendee, the lien would continue so long as that relation continued, and any part of the price was unpaid, unless some act were done evincing an intention to abandon it. But the question assumes other aspects, and rests in a great degree upon other considerations, when third persons, without notice, acquire rights and liens against the vendee and the property.

When the purchaser appears upon the face of his deed on the public records of the county, as absolute owner, without reservation or incumbrance, in favor of the vendor, how long will a court of conscience recognize his lien, as against creditors who have recovered judgments against the vendee? Can the vendor, by protracted indulgence, keep alive his secret privilege after a presumption may fairly arise that the debt has been paid? Credit in a very large measure depends upon the amount and value of property which a man ostensibly owns. If one is in the possession of land under a deed made ten or twelve years ago, would the community be justified in inferring that the purchase-money had been paid, and might not prudent men give credit on the faith of the fact? If the vendor lie by all that time, taking no measures to enforce his claim, should he not be considered as holding his purchaser out to the community, as unincumbered owner; and when creditors, under subsequent judgments, proceed against the land, ought he not to be postponed to them. The vendor's privilege results by law, from the sale, and is an incident of the debt. When the debt is barred the lien is extinguished.

If a court of equity would keep up this lien (as against

intervening claimants) long enough to afford the vendor a full, reasonable time to get in his money as long as a right of action at law is preserved to him to recover the debt, it would seem that ample protection is given to his equity. It would be unreasonable and fruitful of evil to leave it in the discretion of the vendor to indulge and postpone, whether by renewals or not, so that others may be entrapped to deal with the vendee as a man of substance, and then turn upon them and say that they did so at their risk, and sweep from them that upon which they trusted.

If not within the letter, the case is within the spirit, of art. 4, p. 399 of Rev. Code, which among other things declares "when any lien shall be given by law, to secure the payment of any sum of money specified in any writing," suit upon the lien must be brought within the time limited for an action at law upon the writing. It might well be supposed that after fixing a time, within which express liens, as mortgages and deeds of trust, must be foreclosed, that the legislature would not fail to name a time within which impleaded liens must also be enforced. We have said that this lien can have no existence separate and apart from the debt. Now this sale was made in 1850, quite seventeen years before the vendor asserted the lien by this suit. When the first credit expired, we are not informed; whether the action at law to recover it would have been barred, or not we do not know. Taking this to have been the ordinary credit, on such sales, and the inference is legitimate that the debt was barred before the renewal in 1860. If so, could it be revived by a new promise, so as to defeat the judgment creditors? We think not.

But there is another ground upon which our judgment might safely repose. In the special circumstances it may very fairly be concluded that the vendor had surrendered or abandoned his lien. The long indulgence granted, coupled with the fact that the renewal was made in 1860, by a sealed obligation, and upon the motive and for the reason that ten per cent interest should be thereafter paid,

indicates quite clearly that the creditor was not disposed to call in his money, but was placing it as an investment. The defendant, W. F. Avent, in his deposition, gives that complexion to the transaction. The bill single is payable one day after date, yet the inducement with Thos. Avent to make the renewal was to get ten per cent interest in the future. It was not contemplated that the note should be collected, according to its tenor, but was to stand as a security for a re-investment or debt, at the increased rate of interest. In this view of the facts, W. F. Avent holds, thenceforth, toward Thomas Avent, the simple relation of ordinary debtor, arising out of the new arrangement.

In view of the whole record, we are satisfied with the decree of the chancellor.