J. A. GREEN ET AL. v. BOARD OF SUPERVISORS OF TIPPAH
COUNTY ET AL.

1. CHANCERY PRACTICE.  Statute of Limitations.  Commencement of suit.  Question of fact.
When the defendant to a suit in chancery relies upon the Statute of Limitations as having barred the claim sued upon before the filing of an amended bill, which is claimed to be the commencement of the suit, because of a failure to issue process on the original bill, he should present the fact of such failure by plea or answer.  If such defence be set up by demurrer, the question whether the process was issued being one of fact, and not determinable on demurrer, the filing of the original bill must be taken as the commencement of the suit.

2. LIMITATION OF ACTIONS.  Suit against mortgageor.  Effect as to alienee.
The institution of a suit against a mortgageor to foreclose the mortgage, before the debt has been barred by the Statute of Limitations, keeps alive the mortgage against the alienee of the mortgageor, who purchased before the commencement of the suit, unless such alienee shall acquire title to the mortgaged property by adverse possession before being made a party to the suit.

3. BONA FIDE PURCHASER.  Notice of condition of title.  Case in judgment.
G. gave a promissory note, secured by a mortgage on certain land, to the treasurer of the county of T., for money borrowed from the school fund of that county.  Several years afterwards the Board of Police accepted a conveyance of other land from G. in payment of his debt, and caused the county treasurer to deliver to him his note and to enter satisfaction of the mortgage upon the record.  G. then conveyed the land embraced in the mortgage, for a valuable consideration, to his sister-in-law, H., who had notice of the condition of the title.  A bill in chancery was filed to have the order of the Board of Police and the transactions thereunder declared null and void, to set aside the conveyance from G. to H., and to reinstate and enforce the mortgage.  H.'s title was defended on the ground that she was a bona fide purchaser.  Held, that, as H. had notice of the illegal action of the Board of Police in causing the cancellation of the mortgage, she was not in legal contemplation a bona fide purchaser, but held the property, as did G., subject to the unsatisfied mortgage.

APPEAL from the Chancery Court of Tippah County.

Hon. A. B. FLY, Chancellor.

In 1861, J. A. Green borrowed from the treasurer of Tippah County $405.23 of the school fund, for which he gave his promissory note, due January 1, 1862, secured by a mortgage on block 103 in the town of Ripley.  On the 6th of July, 1868, the Board of Police of that county made an order providing that, upon the conveyance of a certain tract of eighty

acres of land situated in Tippah County to the president of the
Board of Police, for the use and benefit of the county school-
fund, the treasurer of the county should deliver to Green his
note, and should cancel and satisfy on the record the mortgage
securing it.  On the same day, Green, or his agent, caused
J. W. Thompson to convey the land mentioned in the order
of the Board of Police to the president of that board, for the
purpose prescribed in the order.  Green's note was surren-
dered to his agent, and his mortgage was by the county treas-
urer marked "satisfied" on the record.  On the 20th of
August, 1868, for the consideration, as expressed, of $1,000,
Green conveyed the block of land embraced in his mortgage to
his sister-in-law, Hannah L. Green, who was informed of the
order of the Board of Police and the proceedings there-
under.

On the 28th of September, 1871, the superintendent of pub-
lic education of Tippah County, with the advice and consent of
the Board of School Directors of the county, filed a bill in
chancery against J. A. Green, alleging the invalidity of the
order of the Board of Police and all the transactions in pursu-
ance thereof, and praying that the same be declared null and
void, and that J. A. Green be held liable upon his note, and
that his mortgage be reinstated and enforced.  On the 5th of
March, 1874, an amended bill was filed, which joined the
Board of Supervisors of the county (successor to the Board of
Police) and the county treasurer as parties complainant, and
tendered a deed reconveying to J. A. Green the land he had
caused Thompson to convey to the president of the Board of
Police.

On the 18th of January, 1876, a second amended bill was
filed, which recited the conveyance by J. A. Green to Hannah
L. Green, made her heirs and the administrator of her estate
(she being then dead) parties defendant, and prayed that
her heirs be divested of the legal title to the block of land
conveyed to their mother by J. A. Green.  In May, 1878,
a demurrer to the bill was overruled, and the defendants

answered.   The points of controversy arising upon the de-
murrer and the answers are indicated in the opinion of the
court.   A decree was rendered in accordance with the prayer
of the bill, and the defendants appealed.

*Houston & Reynolds,* for the appellants.

1. The suit was barred by the Statute of Limitations as to
J. A. Green.   The note secured by the mortgage was due
January 1, 1862, and an action on the note or for the fore-
closure of the mortgage was barred in six years after the war
supension of the statute — six years after the 2d of April,
1867.

At what date did this suit commence, so as to prevent the
running of the statute?   On the original bill no process was
issued, and there was no appearance.   The first amended bill
was filed March, 1874, and upon this process was duly issued
and executed.   We insist that the statute continued to run
until the filing of this amended bill, or from April 2, 1867, to
March 5, 1874 — over six years.

The filing of a bill is the commencement of a suit in equity,
but if the issuance of a subpœna is delayed beyond the next
succeeding term, or for a succession of terms, then the suit
commences from the issuance of the subpœna.   Ang. on Lim.,
sect. 330; *Bacon* v. *Gardner,* 23 Miss. 60; *Allen* v. *Mande-*
*ville,* 26 Miss. 399; *Dilworth* v. *Mayfield,* 36 Miss. 52.

The rule as announced in Mississippi is, that the filing of
the bill is the commencement of the suit; but it must be with
the proviso that process is seasonably issued.   If the issuance
of process is delayed, reason and authority demand the con-
clusion that the suit commences in such a case from the issu-
ance of the process.   Angell lays down the principle as fol-
lows: " The filing of the bill, and taking out the subpœna
and making a *bona fide* attempt to serve it, is the commence-
ment of a suit in equity as against the defendant himself, if
the suit be afterwards prosecuted with due diligence."   If
correct in this, the suit was barred as to J. A. Green; if

barred as to him, it was barred as to the heirs of Mrs. Hannah Green.

2. But if the suit was not barred as to J. A. Green, it was barred as to the heirs of Mrs. Hannah Green. The second amended bill, making the heirs of Mrs. Hannah L. Green parties defendant (Mrs. Green was never a party), was filed January 18, 1876—nearly nine years after the maturity of the note of J. A. Green. The bill to foreclose must be filed within six years. An amended bill making new parties has no relation to the commencement of the suit, for the purposes of the Statute of Limitations, and the statute runs until the filing of such amended bill. 1 Dan. Ch. Pr. 403, note 1; 3 Heisk. 522; 2 Head, 512; *Brown* v. *Goolsby*, 34 Miss. 437; *Dinkins* v. *Brown*, 49 Miss. 217; *O'Leary* v. *Burns*, 53 Miss. 171; *King* v. *Avery*, 37 Ala. 169; *Dudley* v. *Price*, 10 B. Mon. 88; *Christmas* v. *Mitchell*, 3 Ired. L. 535; *Woodward* v. *Ware*, 37 Me. 563; *Miller* v. *McIntyre*, 6 Pet. 27.

The case of *Benson* v. *Stewart*, 30 Miss. 49, seems to be in conflict with the principle contended for. We submit that it is against reason and authority, and should be overruled. If the statute continued to run until the filing of the second amended bill, making the heirs of Hannah Green parties defendant, the suit as to them was barred.

3. The claim of the county against block 103 is an undisclosed equity, and after the entry of satisfaction on the record of the mortgage from J. A. Green to the county treasurer, a *bona fide* purchaser of the block would hold it discharged of the equity. The testimony of J. A. Green and the recitals in the deed from J. A. Green to Mrs. Hannah L. Green establish that Mrs. Green was a purchaser for value and without notice, actual or constructive, of the secret equity in favor of the county. The county treasurer had authority, by virtue of his office, to enter satisfaction of mortgages given to secure loans of the school fund. This entry was made, and a purchaser was not required to inquire by what authority. Mrs.

Hannah Green being an innocent purchaser, no decree should have been rendered reëstablishing the mortgage as against the property.

*Thomas Spight*, for the appellees.

Counsel for appellants contend that the record shows no process issued on this bill, but in this we think they are clearly in error.   The clerk indorsed upon the bill, " Filed September 28, 1871," signing his name.   Then, immediately below it, and the next entry in the record, " Summons issued November 21, 1871," but not signed by the clerk.   But the point which counsel would make upon this assumed failure to issue process cannot avail them anything, — their plea being the Statute of Limitations, — since the filing of the bill was the commencement of the suit to stop the running of the statute.   This is, we think, too well established to require any citation of authority.

1. The suit was not barred by the Statute of Limitations as to J. A. Green.   The note was due January 1, 1862, and in that year the running of the statute was suspended until April, 1867, and the bill was filed September, 1871 ; and it appears that some time prior to July 12, 1872, a demurrer was filed by him, which at said July term was stricken out.   So that, even admitting that the filing of the bill did not stop the running of the statute, and that no summons was issued (if that should be held necessary to the commencement of the suit), yet by filing his demurrer he entered an appearance which saved the bar of the statute.

2. But counsel for appellants further contend, that although the bar of the statute had not attached as to J. A. Green, yet as to the heirs of Mrs. Hannah L. Green it is a good defence. *Benson* v. *Stewart*, 1 Geo. 49, is a case directly in point, in which this court say : —

" If the mortgagee file his bill in equity against the mortgageor to foreclose within the period allowed by the Statute of Limitations, the bar of the statute is saved, even as against a purchaser from the mortgageor who is in possession, and

who was not made a party to the suit, by amendment, until after the lapse of the time prescribed by the statute. The commencement of the suit against the mortgageor in such a case is a sufficient assertion of the mortgagee's title against the purchaser."

The cases relied on by counsel for appellants are not necessarily in conflict with this decision, which stands unreversed. But, even though we may be wrong in holding with the court in *Benson* v. *Stewart*, it occurs to us that the point is not well taken in another view of the case. Mrs. H. L. Green and her heirs have nothing to do with the time necessary to bar an action against J. A. Green on the note and mortgage. In the case of *Brown* v. *Goolsby*, 5 Geo. 437, mainly relied on by counsel for appellants, which was an action for the recovery of a slave, the court say that "the bar would attach if the prescribed period of adverse possession had elapsed before filing the amended bill." In this case, in so far as it affects Mrs. H. L. Green and her heirs, an adverse holding for ten years would be necessary to confer a title as against the appellees after a foreclosure. And though their entire possession should be held to be adverse, yet, when added to J. A. Green's adverse holding, it would still be only about eight years, admitting that the heirs of Mrs. H. L. Green were not made parties until the filing of the second amended bill, in 1876, because the question of adverse possession cannot relate further back than the compromise of July, 1868.

3. Mrs. Green's heirs are not entitled to the protection which the law gives to *bona fide* purchasers for valuable consideration without notice. While we are led to doubt the *bona fides* of the transaction, we think the court cannot be in doubt as to the fulness of the notice to Mrs. Green as to the condition of the block at the time of, and before it was bought by her. To say the least of it, she had full notice, actual and constructive, that the Board of Police were acting as trustees in their dealing with this block of land; and this court, in the case of *Vernon* v. *Board of Police of Tippah County*, 47 Miss.

181,— a case exactly like this to the point of sale to Mrs. Green, — have declared that their action in making such compromise was absolutely null and void.   See also *Joor* v. *Williams*, 9 Geo. 546 ; *Parker* v. *Fry*, 43 Miss. 260 ; *McLeod* v. *First National Bank*, 42 Miss. 99.

CAMPBELL, J., delivered the opinion of the court.

The demurrer of J. A. Green to the amended bill was properly overruled.   The ground relied on in the argument before us, as sufficient to sustain it, is the lapse of six years after the Statute of Limitations commenced to run on the note before the filing of the amended bill, it being claimed that the running of the statute was not stopped by the filing of the original bill, because of the alleged fact that no process was issued on it for the defendant.   This is a question of fact, not determinable upon the demurrer.   The amended bill has relation back to the original bill, and, on demurrer, inquiry is made for the time of filing it, which is taken as the commencement of the suit against the defendant to it.   If the defendant desired to present the assumed failure to issue process on the original bill as a reason for not considering the filing of it as the commencement of the suit, he should have set up the facts by plea or answer, so that an issue of fact might have been made and tried.   Upon such an issue it would probably have been shown that a summons was issued on the original bill, and was executed, and that the defendant appeared and demurred ; for the record shows an entry ordering the demurrer to be stricken out.   We allude to this only to vindicate the requirement of a plea or answer to present this defence, and the refusal to consider it on the demurrer.

It is contended in behalf of the heirs of Hannah L. Green, who were made parties defendant by the amended bill filed in 1876, that the suit was barred as to them because the Statute of Limitations ran in their favor until they were made parties, and as this did not occur until after the expiration of six years

from the commencement of the running of the Statute of Limitations on the note of J. A. Green, it is barred as to them.

It is well settled that the Statute of Limitations continues to run in favor of parties until the suit is commenced *as to them*, and that it is not commenced as to parties brought in by amendment until the amendment is made. But this does not avail the new parties in this suit, because Mrs. Green, whom they represent, purchased the property before the note secured by the mortgage was barred, and the suit was commenced against J. A. Green, the maker of the note, while it was unaffected by the Statute of Limitations, to enforce it against the mortgaged property. If the suit had not been commenced against the maker of the note until the right of action on it against him was barred, that would have been available as a defence to the heirs of Mrs. Green, his alienee of the mortgaged property ; or, if they had held adverse possession of the property long enough to bar all claim to it before they were made parties by amendment, that would have been a good defence to them.

The proposition that the institution of the suit against the mortgagor before the bar of the statute was complete was sufficient to keep alive the mortgage as against his alienee, was announced in *Benson* v. *Stewart*, 30 Miss. 49, which is not, as urged by counsel, in conflict with the cases which hold that the Statute of Limitations runs in favor of the parties introduced into a suit by amendment until they are made parties. Both propositions are true. They are distinct and harmonious. In *Brown* v. *Goolsby*, 34 Miss. 437, the party brought in by amendment was protected in his title to the property sued for by the lapse of time sufficient to give him title to it by adverse possession, and it was held that the statute ran in his favor until the filing of the amended bill, which was the commencement of the suit as to him.

The two cases cited illustrate the two legal propositions.

As Mrs. Green purchased the property when the mortgage

debt which bound it was not barred by the Statute of Limitations, she held subject to the mortgage so long as it was not barred ; and the commencement of the suit against the maker of the note was such an assertion of the right of the creditor as to keep alive the debt, which, being in force as against the maker, is enforceable against the mortgaged property in the hands of the alienee of the mortgagor, so long as such alienee cannot invoke the Statute of Limitations as a protection against the disturbance of her claim to the title of the property by adverse possession.

Mrs. Hannah L. Green was not a *bona fide* purchaser, in legal contemplation. She is shown to have had knowledge of the illegal action of the Board of Police in reference to the cancellation of the mortgage on the land she purchased of J. A. Green, and she held it, as he did, subject to the charge of the unsatisfied mortgage. Her heirs are mere volunteers, and hold it as she did.

We find no error in the decree, and it is affirmed.