## J. M. PLANT ET AL. v. LEE R. SHRYOCK.

1. MORTGAGE. *Statute of limitations. New promise. Purchaser. Notice.*
   Where a mortgage debt has been renewed and extended by an acknowledgment and new promise, avoiding the bar of the statute of limitations, and enforceable against the debtor, a subsequent purchaser of the mortgaged property, with notice of the mortgage, but without notice of the acknowledgment and new promise, takes it subject to the incumbrance thus renewed and extended.

2. SAME. *Record notice. Apparent bar by limitation. Purchaser. Inquiry.*
   And if such mortgage be recorded, and there be no entry of satisfaction thereof, it is incumbent on a purchaser to ascertain whether the mortgage debt is still subsisting and valid at the time of his purchase, notwithstanding it may appear by the records to be barred by the statute of limitations.

APPEAL from the Chancery Court of Lafayette County.

HON. B. T. KIMBROUGH, Chancellor.

On the 9th of February, 1870, Susan L. Atkinson bought a tract of land and paid for it with money borrowed of Jacob Thompson. On the same day Susan L. Atkinson and her husband, R. E. Atkinson, executed a deed of trust on this land to secure their promissory note to Thompson for the money borrowed of him, the 9th of February, 1871, being the date fixed for the maturity of the note. The deed of trust was duly recorded on the 18th of February, 1870. Several payments were made by Mrs. Atkinson during the years 1870, 1871, and 1872 on her note to Thompson, but there

was still a balance due when, on the 11th of May, 1872, Thompson, for a valuable consideration, assigned and transferred the note and deed of trust to Lee R. Shryock.

R. E. Atkinson died and Susan L. Atkinson married J. M. Phipps, but after the death of Atkinson and before her marriage to Phipps she, on the 13th of February, 1874, conveyed to the latter the land above referred to.

On the 8th of February, 1877, Susan L. Phipps and her husband, J. M. Phipps, in a written instrument signed by them, acknowledged the debt due by the note assigned by Thompson to Shryock, and promised to pay the same to the latter.

On the 24th of February, 1881, J. M. Phipps, for a valuable consideration, sold and conveyed to J. C. McClellan a part of the above-mentioned land ; and on the 30th of April, 1881, for a like consideration, Phipps sold and conveyed to J. M. Plant the remainder of such land.

Mrs. Phipps having failed to pay off her note held by Shryock, he, on the 3d of October, 1882, filed the bill in this cause against her, her husband, J. M. Phipps, J. M. Plant, and J. C. McClellan, for the purpose of having the land covered by the deed of trust executed by Mrs. Phipps and her former husband sold to pay the balance due on the note held by the complainant.

The defendants severally answered the bill. Plant and McClellan respectively claimed to be innocent purchasers, and based their defense on the ground that they had no actual knowledge of the complainant's claim upon the land, and that the " records of the proper office where said deed in trust is recorded show that said trust-deed was barred by the statute of limitations long before respondent purchased said land, and the record of said trust-deed does not disclose any new promise of the grantors or any of them to prevent the bar of the statute of limitations as to said trust-deed and the note therein mentioned." ⋅ The proof showed that Mrs⋅ Phipps and her vendees had been in quiet possession of the land up to the commencement of the suit.

The court rendered a decree granting the relief prayed for by the complainant, and the defendants, Plant and McClellan, appealed.

*Sullivan & Sullivan,* for the appellants.

Shryock ought not to recover against Plant or McClellan. It would be unjust and inequitable to allow him to hold for a long period of years, far beyond the statute of limitations, a note and trust-deed against the property, and by secret renewal perpetuate for an indefinite time a lien upon the property and at the same time leave the record declaring to every person who should desire to buy that the debt was long since barred and paid, and leaving Mrs. Atkinson, defendant's vendor in quiet, undisturbed possession, claiming the property absolutely and exercising all the acts of ownership over it.

Shryock's rights, being entirely of an equitable kind, do not arise out of the execution of the trust-deed or note, but out of the *retention* of the property by Mrs. Phipps and her vendee. No rights *arising* under the trust-deed, none are *preserved* or lost by its record.

Its record was no notice of the fact that Mrs. Atkinson had not paid for the land, or that she had borrowed the money from Jacob Thompson to pay for the land and had not paid him, and, therefore, was no notice to Plant and McClellan of Shryock's equitable demand against the land. And having no notice whatever, either actual or constructive, of Shryock's equitable claim, their rights are superior to his and must prevail.

*H. A. Barr,* for the appellee.

Plant and McClellan had constructive notice of the deed of trust by means of its registry, and, being purchasers of the mortgaged premises, are bound by the acknowledgment and promise of Mrs. Phipps by which the bar of the statute of limitations was avoided. They succeed to the estate and occupy the position of Mrs. Phipps. They cannot claim any exemption from the incumbrance with which the land was charged when they purchased it. Angell on Limitations, § 460; 2 Jones on Mortgages, § 1202; *Heyes* v. *Pruyn,* 7 Paige, N. R. 465; *Hughes* v. *Edwards,* 9 Wheaton 490–498; *Medley* v. *Elliott,* 62 Ill. 532; *Thayer* v. *Raum,* 1 McCord Ch. S. C. 395; *Mitchell* v. *Bogan,* 11 Rich. S. C. 706; *Wright* v. *Eares,* 5 Rich. Eq. S. C. 81; *Waterson* v. *Kerkerood,* 17 Kans.

9; *Schumaker* v. *Sibert,* 18 Kans. 104; *Clinton County* v. *Cox,* 37 Iowa 570.

As the statute provides that the bar of the statute of limitations may be avoided by an acknowledgment of the debt or a promise to pay it, and that a mortgage shall remain in force so long as the debt secured by it remains in force, and as there is no statute authorizing or requiring such acknowledgment or promise to be put upon record, it certainly cannot be the law that a purchaser takes the land exempt from the mortgage because the mortgage of record shows that the note which it secures has been due over six years.

CAMPBELL, J., delivered the opinion of the court.

The sale of the land was after the valid renewal and extension of the mortgage debt which bound it, and the purchasers took it subject to the incumbrance, which, being enforceable against Mrs. Phipps and husband, may be enforced against their vendees. *Benson* v. *Stewart,* 30 Miss. 49; *Green* v. *Supervisors,* 58 Miss. 337.

The deed of trust was recorded and there was no entry of satisfaction on the record, and although at the date of the purchase of the land from Phipps the note appeared on its face to be barred by the statute of limitations, in fact it was not barred, having been kept alive by a new promise in writing as required by law, and it was incumbent on a purchaser from Phipps to pursue the inquiry suggested by the state of the record, and ascertain if, notwithstanding the apparent bar of the note, it was in truth still a valid subsisting debt.

*Affirmed.*