## J. H. D. BOWMAR, RECEIVER, v. CHARLES PEINE ET AL.

1. LIMITATION OF ACTIONS. *New promise. What sufficient. Case in judgment.*
   P. gave K. his promissory note, due August 19, 1877. On August 20, 1883, P.
   made an indorsement on the note as follows: " I hereby waive the statute of
   limitations as to the within note and the deed of trust to secure the same."
   *Held,* that this was a sufficient new promise to prevent the bar of the statute
   of limitations.

2. SAME. *Mortgage. New promise. Notice.*
   When a mortgage debt has been renewed and extended by an acknowledgment
   and new promise, avoiding the bar of the statute of limitations, and enforce-
   able against the debtor, a subsequent purchaser of the mortgaged property,
   with notice of the mortgage, but without notice of the acknowledgment and
   new promise, takes it subject to the incumbrance, thus renewed and extended.
   *Plant* v. *Shryock,* 62 Miss. 821, *cited; Avent* v. *McCorkle,* 45 Miss. 220, *distin-
   guished; Deason* v. *Taylor,* 53 Miss. 697, *explained.*

APPEAL from the Chancery Court of Warren County.

HON. WARREN COWAN, Chancellor.

On August 19, 1876, Charles Peine gave his promissory note to
George M. Klein, cashier of the "Mississippi Valley Bank," for
four thousand four hundred and thirty-one dollars, payable August
19, 1877, and thereupon executed a deed of trust on certain real
property in Warren County to secure this note, which deed was
duly recorded. On August 20, 1883, Peine signed an indorsement
on this note as follows:

"I hereby waive the statute of limitations as to the within note,
and the deed of trust to secure the same. C. Peine."

On November 21, 1883, the "Mississippi Valley Bank" failed,
and J. H. D. Bowmar was appointed receiver, and as such the
above-described note fell into his hands. On November 2, 1885,
Bowmar, the receiver, filed this bill to foreclose the deed of trust
in favor of the bank, given to secure the note. Charles Peine, W.
B. Swords, a minor, and his guardian, W. L. Trowbridge, were
made parties defendant.

On February 25, 1880, Swords through his guardian obtained a
decree in chancery against Peine for ten thousand one hundred

and forty-seven dollars and thirty-nine cents, and execution issued thereon was levied on the property included in the deed of trust executed by Peine to the bank. Swords through his guardian purchased this property at the sale under his execution. At the October term, 1885, of the circuit court, Swords through his guardian obtained judgment in an action of ejectment against Peine, Bowmar not being a party to the suit, for the possession of this property, and soon afterward this bill was filed by Bowmar, praying that the *deed of trust to* secure Peine's note be foreclosed. Peine failed to answer the bill, and a decree *pro confesso* was taken against him. But Trowbridge and Swords both answered, the latter having attained his majority. On the trial it was shown that neither Swords nor Trowbridge knew anything of the indorsement of waiver on the note as above set out.

The Chancellor, on the final hearing, dismissed the bill of complainant, and he appealed.

*A. M. Lea,* for the appellant.

1. The question as to the effect to be given the waiver in this case has been almost, if not quite, decided in this State. If the maker of the note had indorsed upon it the words, " I hereby promise not to plead the statute of limitations on the within note," it would have been sufficient as a new promise to extend the time of payment for the period of six years from the date of such indorsement. This is clearly the effect given to such an agreement in *Crane et al.* v. *French, Administrator,* 38 Miss. 529.

Surely an express *waiver* of the statute is equivalent to an agreement not to plead it, and the language of Judge Handy in that case, and the doctrine he deduces from the several cases he cites, would apply as well to one mode of expression as the other. In *Maddux* v. *Jones,* 51 Miss. 535, waivers indorsed upon notes are said to be " renewals of the obligations of the notes," and to be effectual to " continue a right of suit upon them for six years thereafter."

In *Gardner* v. *McMahon,* 43 Eng. Com. L. Rep. 870, Lord Denman says : " When the debtor says, before the six years have elapsed (which appears to me an important circumstance), ' I will

waive the statute,' it may well be supposed that the creditor has forborne to sue, relying upon this undertaking as preserving his right of action in future if it should be wanted."

Patteson, Judge, in same case, observes : " But he says, ' I will not avail myself of the statute and will put it out of my power to do so.' *That, if taken alone, makes a promise.*"

In *Burton* v. *Stevens*, 24 Vt. 132, the indorsement on the back of the notes signed by the debtor was as follows : " I hereby agree that I will not take any advantage of the statute of limitations on the within two notes." The court, after citing *Gardner* v. *McMahon, supra,* and other cases, says : " These authorities are satisfactory upon the effect that should be given to the writing upon the back of the notes, for it is an agreement by the defendant that the notes shall be placed upon the same footing as if the statute had not run on the claims, *the notes then furnishing the evidence of the debts and the promise to pay.*"

This seems to be an accurate statement of the law on the subject. To same effect is the subsequent case of *Stearns* v. *Stearns*, 32 Vt. 682.

2. If the note was not barred by reason of the waiver, the appellee, Swords, who purchased the property at execution sale under his judgment against Peine, took it subject to the deed in trust. This is the precise point decided in *Plant* v. *Shryock*, 62 Miss. 821. This case settles the law on this subject and is conclusive against the pretentions of Swords as a purchaser without notice. The language in *Avent* v. *McCorkle*, 45 Miss. 221, and in several subsequent cases, apparently contrary to the rule here announced, is *obiter dicta.*

*R. S. & L. N. Buck,* for the appellees.

1. In *Deason* v. *Taylor*, 53 Miss. 697, it was contended that purchasers of land subsequent to the maturity of notes which were a lien thereon might rely upon a presumption that they had been paid. But the supreme court denied this and said : " They may rely upon such presumption after sufficient time has elapsed to bar the notes, although in fact they may have been renewed."

The court refer to a former decision of the same court, viz. : *Avent* v. *McCorkle*, 45 Miss. 221, to support their declaration of the law.

Subsequent to the purchase of this property by Swords, the supreme court in *Plant* v. *Shryock*, 62 Miss. 821, without noticing or referring to its former declaration of the law quoted above, decided the reverse of that declaration to be the law. Thereupon this suit was brought, to take, upon the strength of *Plant* v. *Shryock, supra*, the property acquired by us under the former declaration of the law.

2. This court has never decided that such a writing as is indorsed on the Peine note is sufficient to prevent the note from being barred by the statute of limitations.

In *Maddux* v. *Jones*, 51. Miss. 531, the point decided was that "Waivers indorsed on notes only continue right of suit upon them for six years thereafter."

It has been repeatedly decided that there must be an *express* acknowledgment of the debt or an *express* promise to pay it, in writing.   12 S. & M. 663; 5 S. & M. 571; 2 C. 92, 389.

There is no *express* acknowledgment of the debt.   There is no promise to pay it.   It is true that from the language used an acknowledgment of the debt can be inferred.   But under the statute and decisions thereunder this is not sufficient.

In 62 Miss. 8, the debtor wrote: "After hands are paid appropriate balance due on my account to yourself.   I would like to come there and do your work so I could pay you what I owe you."   Held not sufficient.

See also 5 S. & M. 564; 55 Miss. 148.

Cases when the writing has been held sufficient.   54 Miss. 547; 35 Miss. 192.

*McCabe & Anderson*, on the same side.

In order to stop the statute of limitations there must be in writing "a specification of the debt referred to, and a promise to pay a fixed amount."   Opinion of supreme court in *Fletcher* v. *Gillan*, 62 Miss. 11, and also Code 1871, § 2165, and Code 1880, § 2688.

The "waiver," so called, on this note neither acknowledges the justness of any debt nor promises to pay any fixed amount.

We submit that this writing cannot have the effect of stopping

the running of the statute of limitations. For a full and complete discussion of this question we cite the following cases where it was held insufficient. *Davidson* v. *Harrison,* 33 Miss. 41 ; *Trustees, etc.,* v. *Gilman,* 55 Miss. 148 ; *Eckford* v. *Evans,* 56 Miss. 18 ; *Floyd* v. *Pearce,* 57 Miss. 140 ; *Potts* v. *Hines,* 57 Miss. 735 ; *Fletcher* v. *Gillan,* 62 Miss. 8 ; *Perry* v. *Ellis,* 62 Miss. 711; 1 Digest Am. Repts. 474, §§ 35, 36 ; 2 Digest Am. Repts. 615, 617 ; 3 Abbott's Nat. Digest 160 *et seq.*

Where it was held sufficient. *Hart* v. *Boyt,* 54 Miss. 547 ; *Beasley* v. *Evans,* 35 Miss. 192.

This last decision plainly and clearly indicates that a mere *" waiver "* of the statute of limitations is insufficient unless it is accompanied either by a promise to pay, or a " clear and unconditional" acknowledgment of the justness of the claim.

The appellee being an innocent purchaser for value, and the records showing on their face that Klein's claim against Peine was barred and nothing had been done to suspend or remove the bar, is not bound by this waiver even should this court consider it a legal one.

Our supreme court has plainly said that in the case of a *vendor's lien,* when the records show that the unpaid note or notes are *barred by the statute of limitation* and do not show that it has been renewed, or that the bar has been suspended or removed, the presumption of law is that the note is paid, and an innocent purchaser will be protected accordingly. *Avent* v. *McCorkle,* 45 Miss. 221 ; *Deason* v. *Taylor,* 53 Miss. 697.

In *Plant* v. *Shryock,* 62 Miss. 821, the court, without noticing in any way the former doctrine or cases, announced an entirely different doctrine.

We submit that all the reason is in favor of the former cases and that they announce the true doctrine.

But so far as this case is concerned, the law announced in *Avent* v. *McCorkle,* and *Deason* v. *Taylor,* above, must govern, as the transactions had in the case at bar were had while the law as there announced was the accepted doctrine and before the case of *Plant* v. *Shryock* had been decided.

We, therefore, here invoke the doctrine of "*stare decisis*," and insist that it applies with force to this case. In support of which we cite the following decisions: *Garland* v. *Rowan*, 2 S. & M. 617; *Shelton* v. *Hamilton*, 1 C. 496; *Gully* v. *Dunlap*, 2 C. 410; *Davidson* v. *Allen*, 7 G. 419.

COOPER, C. J., delivered the opinion of the court.

The waiver indorsed upon the note was sufficient to prevent the bar of the statute of limitations. *Hart* v. *Boyt*, 54 Miss. 547.

*Plant* v. *Shryock*, 62 Miss. 821, is conclusive that the lien of the mortgage must prevail both as against the mortgagor and all parties claiming his title. But the decision in that case, it is said, overruled former decisions of this court, and established a new rule in this State, and the appellee, Swords, insists that since his title was acquired before that decision was made he is entitled to the protection afforded by the rule which prevailed at the time of his purchase. It is contended that *Avent* v. *McCorkle*, 45 Miss. 221, and *Deason* v. *Taylor*, 53 Miss. 697, were overruled by *Plant* v. *Shryock*. This is a mistake.

In *Avent* v. *McCorkle* the vendor recited in his deed that the purchase-money had been paid in full. Ten years after the sale the vendor gave up the original note and received in lieu of it a bill single, the vendee agreeing thereafter to pay interest at ten per cent. instead of six per cent., which rate was borne by the original contract. Seventeen years after the sale a controversy arose between the vendor and a judgment creditor of the vendee. The court laid stress in its opinion on the fact that upon the face of the recorded deed the vendee "appeared as absolute owner without reservation or incumbrance in favor of his vendor," and inquired whether under such circumstances a court of equity would enforce the "secret privilege" as against persons who might fairly be presumed to have given credit on the faith of the vendee's ownership. There is a very strong intimation that the lien would not have been enforced after the lapse of so many years, but the real point of the decision seems to have been that the vendor by taking the bill single and stipulating for a greater interest had

waived the lien and stood in no other relation than that of an ordinary creditor to the vendee. The force of the argument in that case was, and the point was emphasized by the court, that the lien attempted to be enforced was a "secret privilege" of which others had no notice by the record; that the privilege or lien was the creation of a court of equity and ought not to be enforced when it would operate injuriously to others after the lapse of many years.

But in cases of mortgages duly recorded the world is notified that by the contract of the parties there is a mortgage so long as the debt it secures is unpaid, and this is sufficient to put all persons upon inquiry to learn the facts as they may exist.

In *Deason* v. *Taylor*, 53 Miss., where an equitable mortgage was reserved in the face of the deed, Chalmers, J., stated that a purchaser might rely upon the presumption of payment afforded by the lapse of time sufficient to bar the note, but there was no question of this sort involved in that case and the remark is dictum and not decision. We are satisfied of the correctness of the view announced in *Plant* v. *Shryock*, and that there is no conflict between that case and any former decision of this court.

*Reversed.*