## Case No. 11,230.

### The PLOUGHBOY.

[1 Gall. 41.] 1

Circuit Court, D. Massachusetts. May Term, 1812.

FORFEITURE—PURCHASE OF FORFEITED GOODS WITHOUT NOTICE.

A purchase of goods which have become forfeited to the United States, will not purge the forfeiture, when the purchase has been made under a full knowledge of the facts; or of such facts as were sufficient to put the party on inquiry.

[Cited in The Florenzo, Case No. 4,886; Jones v. Van Zandt, Id. 7,502; Jones v. Van Zandt, 5 How. (46 U. S.) 225; Carr v. Hilton, Case No. 2,437; Nine Hundred and Seventy-Nine Boxes of Sugar, Id. 10,271.]
[Cited in Great Falls Bank v. Farmington, 41 N. H. 42.]

[Appeal from the district court of the United States for the district of Massachusetts.]

The brigantine Ploughboy was seized and libelled, for proceeding to a foreign port, to wit, the Havanna, contrary to the third section of the act of 9th January, 1808 [2 Stat. 453] c. 8. The cause was submitted upon the facts stated in the decree of the district court, and the accompanying papers; and it was admitted, that the Ploughboy proceeded from Boston to Havanna, and there landed her cargo, and returned from thence to Boston with another cargo. On her return to Boston, which was on the morning of the 29th of December, 1808, she was immediate-

1 [Reported by John Gallison, Esq.]

ly, and before seizure, sold to the claimant, who had full knowledge at the time that the brigantine had proceeded to the Havanna, and returned directly from that port.

G. Blake, for the United States.

C. Jackson, for claimant.

STORY, Circuit Justice (after reciting the facts). I am satisfied, that the voyage to the Havanna was illegal, and that the pretences assumed as a ground of defence of it, are merely colorable or wholly inadequate in point of law. The vessel was undoubtedly therefore subjected to forfeiture. But it is contended (and indeed this seems principally relied on by the counsel for the claimant) that, admitting the forfeiture to have been incurred, yet before seizure the claimant became a bona fide purchaser without notice of this defect of title, and ought not to be affected by it. Admitting the law to be, that a forfeiture of goods is purged by a subsequent bona fide sale without notice, can it with any propriety be applied to the present case? It is a general rule, that whatever is sufficient to put the party upon inquiry, is good notice. 2 Fonbl. bk. 2, c. 6, § 3; 1 Atk. 490; Amb. 313. Now it would be difficult for the claimant to contend that, when he had notice of the facts, as to the voyage, he must not also have had notice of the legal consequences flowing from those facts. Supposing the present sale a real one for a valuable consideration, there was certainly a want of due caution and deliberation in the purchase. The claimant was guilty of what the law esteems as crassa negligentia. This claim must therefore be rejected in favor of a prior right by forfeiture.

The libel is certainly very inaccurately worded; but on the whole the substantial merits are stated, and the decree of the district court is affirmed. See The Mars [Case No. 9,106].