THIS is an appeal from a decree of the circuit court, dismissing a bill exhibited by the M’Ferransin equity against Jones and Crutcher.
In their bill, the M’Ferrans allege, that they have recovered a judgment at law against Jones, for 8464 with interest and posts, and that after causing an execution to issue thereon against the estate of said Jones,, they have been unable to coerce the payment of any part thereof, the said Jones having no visible estate, and being insolvent. They further charge, that they are informed that Crutcher is indebted to Jones in $ gum greater than their judgment, and call upon Jones and Crutcher, to say whether Crutcher is not so in *220 debted, and the amount thereof; and after making* Jones and Crutcher defendants, they, pray for á decree compelling Crutcher, out of the debt by him owing to. Jones, to pay the amount of their judgment against Jones, &c. and for general relief. &c.
Jones, in his answer to the bill, admits tlie judgment in favor of the M’Ferrans. as stated in their bill, but alleges, that it was recovered against him and others for whom he became security, and not for hi¡f individual debt. He denies that his co-defendant, Crutch-er is, or was, at the exhibition of the bill against them, owing him any thing : but states, that finding himself greatly embarrassed in his circumstances, and being indebted on his own account to, various persons, a sum upwards of four thousand dollars, a large portion whereot his co defendant, Crutcher,had become liable, to pay as his security, and a part thereof was due, Crutcher on a contract with him, and feeling it to be his duty to pay his said creditors, and particularly to sayo said Crutcher harmless in his s< cwrityship as aforesaid, he did, on or about the 18th of March, 1820, fell to the said Crutcher, a large portion of his property, containing a tract of land, tan yard, and the appurtenances thereto belonging, at the price of about $4000; the debt due to said Crutcher, and that for which he was bound as security aforesaid, to be first deducted therefrom, and the balance to be paid to said Jones’ creditors, a list of whose names, and the amount due to each, he refers to, and makes an exhibit with his answer. He further states, that the contract with IJrutcher was honest and fair; made for the sole purpose of paying his just creditors, and that he has since seen the creditors whose debts Crutcher was to pay, and has procured their concurrence and agreement tc> accept Crutcher’s assumpsit for the payment of their demands, arid that Crutcher has assumed upon himself and become bound for the payment thereof.
In his answer, Crutcher denies any knowledge of the demand asserted by the M’Ferrans in their bill; states he is owing Jones nothing, alleges that he did purchase of Jones the property mentioned in said Jones5' answer, and sets out the terms of that purchase substantially as Jones has done in his answer. He moreover charges, that the purchase made by him was hen-. *221 «sst and fair, and prays the advice of the court as to whom payment should be made by him &c.
Subsequent to these answers, the M’Ferrans amended their bill, in which they call upon Jones and Crutcher to state the substance pf the contract made between them in relation to the sale and purchase of the property alluded to by them in their answers, and to exhibit the agreement, if in writing, in relation, thereto ; and that the said Jones and Crutcher state when the agreement was made, and for what purpose, and whether it was made in good faith, or for the purpose of defeating the claims of creditors. They also call on Crutcher to set out the nature and extent of his undertakings to the creditors of Jones, &c.
3. Jones and Crutcher each answer the amended bill, and exhibit the written agreement which v as made by them, containing a statement of the debts, the amount of which was to be paid by Crutcher ^ but by that agreement, Crutcher has not expressly under. ■taken to pay each of those creditors of Jones, but he has undertaken to pay Jones the amount thereof. Each of their answers repeat what had been alleged in their answers to the original bill, as to the fairness of the contract made between them, and the natureand object ther.eof, and they set out, the nature of the assurances since made by Crutcher to the creditors of Jones, whose debts wore designed by the contract to he satisfied, &c.
It was upon this state of the pleadings, and without any deposition being taken on either side, that the decree of the circuit court was pronounced, dismissing the M’Ferrans? bills-
3. Itisobvicus, that in the consideration of this cause, all imputations of fraud in the contract between Jones and f rutcher, should be totally disregarded.
In truth, the original bill seems not to have been predicated on the idea of any fraud having been oom. mitted, and there being no evidence in the cause, the charge of fraud rests exclusively upon- the import of interrogatories put to the defendants in the amended bill; and by their answers to those interrogatories, the defendants have expressly denied that the contract was made between them for any fraudulent purpose» |t is true, at the time of making that contract, Jones apt only appears to have bpen greatly indebted, but a *222 suit was then actually depending against him for the demand now sought to be'recovered by the M’Ferrans. But notwithstanding his being so indebted and the pendency of the suit, he might still make an honest and bona fide sale of his property, for the purpose of satis, lying any of his just debts, and in the absence of proof to the contrary, his answers to the interrogatories put in the M’Ferrans’ amended bill, denying any fraudulent purpose in making the sale, must be admitted sufficient to repel the charge contained in those interrogatories.
independent of the operation of the act of 1821-2 a bill in chancery cannot be maintain cd by a judgment credit or against ¡the debtor of his debtor, on the return 'of - fi. fa. nulla bona, and admission or proof that the de fendant had no properly put of which the judgment could be ojllected.
But whether, after a defendant bad ta ben the benefit of the insolvent debtor's act, a bill in chancer} could pot he maintained by the creel.tor to recover his debts from the debtors oí l¡is debtor, is not decidednor intended to be decided. . Independent of these statutory regulations, cho'ses in action cannot be subjected to .execution by any process of law or equity.
*222 4. Stnpt of the imputations of fraud, therefore, the pause must turn in this court, on the propriety of a court of equity subjecting the debts which Crutcher undertook to pay for the land &c. purchased by him from Jones, to the satisfaction of the M’Ferrans’ demand.
And bere.it should be remarked, that this suit was not only commenced, but it was actually decided by the circuit c-ourt, before the passage of the act of session 1821.* authorising creditors to go into a court of equity for the purpose of subjecting the choses in action of their debtors to the satisfaction of their demand. In revising the decree of the circuit court, therefore, no regard should be paid to the provisions of the act alluded to: hut the case must he decided in this court as though that act had never been enacted. Tested by the rules which governed courts of equity prior to the passage of,that act, we can have no hesitancy in sustaining the decree. The principle decided by this court in the case of Buford vs. Buford, 1 Bibb 305, is decisive against the relief sought by the M’Kcrrans. In that case, it was held that a chose in action could not be subjected in a court ot equity to the payment of debts ; and although the chose in action which was in that case attempted to he made subject to the payment of debts was an equity held by the defendant in lands, the opinion of the court was not predicated upon the peculiar nature of the chose in'ac7 tion then in question, but upon the incompstency of a court of equity to subject demands of that character to the satisfaction of debts ; and that decision has since been frequently recognized by subsequent decisions, and ought, we apprehend, to be applied to chosesjn action, for pecuniary demands only.
*223 Whether or riot, after a debtor hás taken the oath of an insolvent debtor; and been discharged from pris. on, a court of equity would not entertain a bill for the purpose-of subjecting to the payment of the debt for which he had been imprisoned and discharged, any chose in action, which the .debtor, might thereafter have, it is not designed now to decide. It is intended now barely to decide, th$t, according to the principles which governed courts of equity prior to the passage of 'ány law providing for the discharge of a debtor from prison'upon taking the,oath of an insolvent debt- or, no bill could be sustained in equity, merely to subject the debtor’s choses in action, to the satisfaction of any debt by him owing, and that if such a bill can be sustained since the passage of the laws relating to insolvent debtors, it must be-after the debtor l)as been discharged from prison under thofse laws, and in this case, Jones has neither been so discharged, or taken in execution.
It results that the decree of the court , below, was correct in dismissing the M’r erran-s’ bill, and consequently; that decree must be affirmed with costs.

 1 B,'g 505.