## JOHN PARKER v. FIESTER FOY AND THOMAS W. FLORER.

1. VENDOR'S LIEN—ENFORCEMENT OF, AS AGAINST SUB-VENDEE.—A vendor's equitable right to subject the land conveyed to the ultimate security and payment of the purchase money, will be enforced in chancery against subsequent purchasers of the same land, if such purchasers had, or by the exercise of proper precaution, could have had, notice of the original vendor's right in the premises.

2. RECITALS IN DEEDS—ESTOPPEL.—The recital in a deed of conveyance that the purchase money has been paid, is not conclusive proof of payment, nor an absolute estoppel to a denial of this recital; but such recital is only *prima facie* evidence of such payment. 1 Green. Ev., § 26, p. 33—Note.

3. NOTICE—WHAT AMOUNTS TO.—Whatever is enough to excite attention, or put a party on inquiry, is notice of everything to which such attention or inquiry might

reasonably lead. Sufficient information to lead to the knowledge of a fact, shall be sufficient to charge him with the knowledge of that fact.

INNOCENT PURCHASERS.—In order to the protection of an innocent purchaser, without notice, the purchase must be complete by execution of the deed and payment of the money. If notice of prior equity is given before full payment of the price, the lien attaches to the extent of the purchase money unpaid, in which case the sub-vendee has a paramount equity to be reimbursed for payments made before notice.

Appeal from the chancery court of Lauderdale county. WATTS, J.

*Harris & Withers*, for appellant.

An innocent purchaser is one who has purchased for a valuable consideration, and has *paid* without notice. A party who has not *paid*, but has received notice of lien or incumbrance, can be placed in *statu quo*, and thus save all parties from loss ; having parted with nothing, he pays at his own peril, although he purchased and took a deed without notice. 2 Story's Eq. Jur. Prud., § 1502, p. 959. The case depends on the fact of notice before payment. Florer's answer is plainly contradicted. He says he had no notice of the $1200 note, but is careful to say nothing of the sum due to Parker for the land. Leachman and Whitaker prove clearly that Florer had notice that Parker had not been paid before he paid Foy. Foy's testimony shows that Florer had full notice that the $1200 note had not been paid. Leachman shows that Florer did not trust to Foy's declaration, but employed counsel to investigate the title. Before the deed was made, Leachman asked Foy, in presence of Florer, if Parker had been paid; he replied evasively, stating that $600 was all that was due. Florer knew that Parker held a claim for unpaid purchase money. He was accessible and might have been applied to for information, and it was clearly the duty of Florer to have done so. In such a case he is effected with constructive notice of what the claim actually was. The rule is that " whatever is sufficient to direct the attention to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as notice." Leading Cases in Equity, Hare & Wallace, 2, p. 1, 1st note to Lenere v. Lenere, p. 116; Pendleton v. Gray, 2

Paige, 202; Segoumey v. Mann, 7 Conn., 324; 2 Conn., 186; 3 ib., 146; 4 Cow., 717; 1 McLean, 110, and other cases there cited.

The land is justly bound for the whole of the purchase money unpaid to Parker. Leachman's evidence shows that Florer was in a condition to rescind the sale, and demand the return of the small sum paid when the bargain was struck. But he chose to trust Foy's statement, and consummated the sale after notice. And Foy swears explicitly that he gave full notice to Florer, of the $1200 note before he purchased. There can be no possible reason for making the land bound to the extent only of the sum which Florer paid after notice, and that was $900 with interest, at the lowest estimate. Florer was bound to show how much he had paid Foy, before he could have made this proof; as it is, it rests on the evidence of Leachman, which puts it at from $300 to $500, so that the error of the court is manifest, on the highest estimate. It did not exceed $500, the interest cannot come, with certainty, nearer than $200 of the precise amount.

But this court will not puzzle over the uncertainty as to the amount, but upon a plain equitable doctrine, hold the land bound for the whole amount due to Parker. 2 Eq. Lead. Ca., 1st ed., Hare & Wallace, part 1, p. 117; Lenere v. Lenere, 102, 103, 104, lib. ed. The party holding possession can insist on such possession being notice of his right, because it is the duty of one who is about to purchase real estate, to ascertain by whom and in what right it is held. 1 Wheaton 269; 7 Watts, 385; 2 Green's Chan., 143; 3 Gill, 468.

The very principle which demands that a party put on inquiry, shall go to the source of information, precludes the idea that he is excused by taking the representation of the seller. Indeed the whole doctrine of registration and constructive notice proceeds on the idea that the seller's word is taken at the peril of the purchaser, and this is a rule of common sense.

*Johnston & Johnston*, for appellees,

Contended that the decree of the court below, subjecting

the land to the lien to the extent of $600, is erroneous, and ought to be reversed. The facts stated show that Florer was a purchaser without notice of any lien. Florer is, therefore, an innocent purchaser, and took the land unaffected by any lien. The note says nothing about any lien, nor that it was for part of the price of the land. The deed to Foy contains no reservation of vendor's lien. On the contrary, it recites that the purchase money had been paid. The evidence fully protects Florer from this lien, and shows no notice to justify the decree against him. In fact, the recital in the deed, that the purchase money had all been paid, estops Parker from denying it now. The general rule is, that recitals in a deed bind the parties and privies. 1 Greenl. Ev., §§ 22–3. The bill charges that Florer purchased with notice of the vendor's lien in favor of Parker. Florer in his answer denies this. Whitaker testifies that he held the note for collection, that he told Florer that it was for part of the purchase money for the land due from Foy to Parker. The date of this conversation is not given. It may have been before or after Florer had purchased, and was, therefore, no sufficient notice. It was incumbent on Parker to show that it was before the purchase.

Leachman, the attorney, states that he examined the records and found the land unincumbered; that Foy told him the land was unincumbered; that thereupon Florer paid to Foy $500 of the purchase money; that afterward, and before the deed was made, he learned from Foy that $600 of the money due to Parker was still unpaid. There is no evidence to show that when Florer purchased he had any notice of a vendor's lien, and he is clearly protected. We say, therefore, that the final decree is erroneous. We agree with the appellant, Parker, that the decree ought to be reversed, but we differ as to the grounds upon which that reversal shall rest. The decree ought to be reversed and the bill dismissed—Florer standing unaffected by any valid vendor's lien, as between Parker and Foy. A subseqent purchaser, without notice of the lien, takes the land divested of the lien. Raley v. Greenleaf, 7

Wheaton, 46. If there be no notice before payment of the purchase money or delivery of the deed, the subsequent purchaser will hold. 4 Kent's Com., 180; Kilcrease v. Lum and wife, 36 Miss., 569.

SIMRALL, J.:

John Parker exhibited his bill in the chancery court, against Foy and Florer, in which he states that on the 2d of September, 1858, he sold and conveyed to Foy, a certain tract of land; that on the same day, Foy made and delivered to him his five several promissory notes for $1,200, payable annually, from the first of January, 1859, respectively. All of the notes, except the last one, maturing the first January, 1864, have been paid. That on the — day of ——, A. D., 1865, Foy sold and conveyed this land to Florer; that Florer had notice that the note due first of January, 1864, was unpaid, and was for part of the purchase money due from his vendor to Parker. *Pro confesso* was taken against Foy. Florer answered, denying notice of the existence of the note, or that any part of the purchase money was due from Foy to Parker, claiming protection as an innocent purchaser, for valuable consideration, without knowledge of the claim and equity of Parker. On final hearing, on the pleadings and evidence, a decree was rendered against Foy for the amount found due on his last installment of the purchase money, represented by his note to Parker, and the land was subjected for the sum of $600 in favor of Parker as against Florer. From this decree, Parker has appealed, and Florer also, has prosecuted a cross appeal, both of which have been submitted to us as one case.

It is insisted in this court for Parker, that the decree against Florer is, under the law and facts, for two small an amount. And it is insisted for Florer, that there is no lien on the lands in favor of Parker, and that the bill ought, as to him, to have been dismissed, he being an innocent purchaser without notice.

The proposition was pressed by the counsel for Florer in

the argument at the bar, that inasmuch as the deed from Parker to Foy, recited that the consideration had been paid, etc., that such recital operated as an estoppel upon Parker. And in support of this 1 Green. Ev., § 21, p. 23, was referred to. In a note appended to § 26, p. 33, there is a very full collection of American cases, "which treat this recital in the deed as only *prima facie* evidence of payment." Such is the rule in the New England states, in New York, Pennsylvania, Maryland, Virginia, Tennessee, Kentucky, and South Carolina; North Carolina seems to be the only exception. In Louisiana it is regulated by positive law. The defense of innocent purchaser is only complete, by avering and showing that the consideration was valuable, that it was *bona fide* paid. It is not enough to show that it was secured to be paid. Moon v. Mahon, 1 Ch. Ca., 34; Day v. Arnold, Hard., 310; Hardington v. Nichols, 3 Atk., 304; Maloney v. Kenman, 2 D. & W., 31; 3 Atk., 814.

If the purchaser had notice before execution of the deed, or payment of the purchase money he will be bound by it, Lady Rodman v. Vandearly, 1 Vernon, 179; Jones v. Thomas. 3 P. Williams, 243; Strong v. Lord Winsor, 3 Atkyns, 630.

In order to the protection, the purchase must be complete before notice of the prior equity. To make it complete, there must be on the one side, an execution of the conveyance, and on the other, a payment of the whole of the purchase money, and the protection will be denied if the notice be given before the transaction is complete in either particular. Simmons v. Richardson, 2 Litt., 220; Nantz v. McPherson, 7 Munford, 599; Pillow v. Shannon, 3 Yerger, 308; Bush v. Bush, 3 Strob. Equity. 301; Barrett v. Nosworthy, 2 Lead. Cases in Equity, 90, *et sequiter* and cases cited.

If the sub-vendee has notice of the lien in favor of the original vendor, before he receives a deed and acquires the legal title; then the lien attaches to the land, and it may be subjected to the payment of the original purchase money. Subject, however, to a superior equity in favor of the sub-vendee, to be reimbursed, the purchase money paid, which

will be treated as a lien paramount to the original vendor's equity. If the notice is not received until after the deed has been executed, then the land is only bound in the hands of the sub-vendee for the amount of the purchase money due from the sub-vendee to his vendor at the time of receipt of the notice. All payments made before notice, were innocently made, and as to them, the sub-purchaser is entitled to protection. Payments made after notice, however, were paid in the party's own wrong, with knowledge of the prior outstanding equity. A sub-vendee taking the legal title to land, charged with a vendor's lien, and with notice, accepts the title *cum onere*, and is in no better position than the original purchaser, as against whom the lien was raised or implied. His condition is no better than if the lien were express, and registered in the proper office for recording such papers.

2d. As to the character of the notice, the principle seems to be pretty well established by authority, that whatever is enough to excite attention or put the party on inquiry, is notice of everything to which the inquiry might have led. Sufficient information to lead to a fact, shall be deemed sufficient to charge a party with knowledge of it. Kennedy v. Green, 3 My. & K. R., 719; Ploughby, 1 Gallison, 41; Hinde v. Vattier, 1 McLain, 128; Carr v. Hilton, 1 Curtis C. C. Rep., 393; Wailes v. Cooper, 24 Miss. Rep., 228.

In this last case the court say, "that if the title deeds under which a purchaser derives title recite an incumbrance, he will be bound by that recital, and presumed to have had notice of it whether he read it or not." The incumbrance referred to was a mortgage which was not recorded at the date of the purchase. The court say in reference to verbal notice, "that a party may, perhaps, disregard a mere floating rumor, circulated by irresponsible persons." From a careful examination of the testimony we are satisfied that Florer had direct and positive information that part of the purchase money to Parker was unpaid.

Leachman, who was the attorney for Florer to examine the

title, deposes that a written memorandum of the sale was entered into between Parker and Foy, at which time from three hundred to five hundred dollars was paid by Foy; about two or three weeks afterward the deed was executed. Leachman, before the deed was executed, asked Foy if he had paid off the purchase money for the lands. Foy replied he still owed five or six hundred dollars, which he had arranged with Parker, or would pay out of the money coming from Florer; witness thinks Florer was present. Whitaker swears that Florer admitted that he had notice from Foy that there was a balance of $600 due Parker, and that this notice came to him before he paid for the land. The notice to Florer was sufficient to put him on inquiry. There could have been no difficulty in applying to the right person and being correctly informed of the amount of the vendor's lien. He does not appear to have taken any pains to obtain correct and reliable knowledge. After this information he paid the residue of his purchase money to Foy. He failed even to see to it that the $600 which he was informed was due to Parker was retained or applied as a credit on Parker's claim. He may have been misled and deceived by Foy, who said he would provide for what was due to Parker. But from the moment that he had such information as would put a man of ordinary prudence and care on investigation—information not derived from vague and loose " rumor," but from persons connected with the transaction—he is chargeable with knowledge of the truth to which he could have attained. That truth would have been that the last installment of $1,200 was still unpaid to Parker. In these circumstances the lien of the vendor attached to the land to the extent of the unpaid purchase money owing from him to Foy.

But inasmuch as the record does not show the exact amount due at the time he had notice, and as the true balance may, with reasonable certainty, be ascertained, we reverse the decree and remand, with instructions to the court below to ascertain what amount was paid to Foy by Florer at the date of his purchase and before notice of the claim of

Parker, and to deduct that sum from the whole amount of the sum to be paid by Florer to Foy, and for such balance decree against Florer and the land, etc.

*Decree Reversed.*