## KENNEDY HARRINGTON v. T. H. & J. M. ALLEN & Co.

1. MORTGAGES — DEEDS — PRIORITIES — NOTICE — CHANCERY PRACTICE.— Where a mortgage on real estate was made to a creditor on the 18th of August, 1866, and recorded on the 9th of April, 1867, and the mortgagor conveyed the same property to another on the 11th of January, 1867, and the deed was recorded on the 6th of April, 1867, the later deed has priority if the grantee therein had no notice of the mortgage at the time of taking the conveyance. But otherwise, if he had notice, actual or constructive. And upon the question of notice, in such case, if the testimony is contradictory and the decision of the chancellor not contrary to the weight of evidence, the supreme court will not disturb his decision.

2. PRIORITY OF DEEDS—NOTICE.—The basis of the doctrine of notice is, that it would be unconscientious and fraudulent for a junior purchaser to defeat a prior conveyance or incumbrance of which he has knowledge.

3. SAME—MESNE CONVEYANCES.—It is a rule that if a person purchase with notice of a prior conveyance, but purchases from one who purchased without such notice, the purchaser with notice may shelter his purchase under the protection which the law affords to the first purchaser. Because, otherwise, a *bona fide* purchaser might be hindered in the sale of his property and compelled to keep it. And so, also, if an outstanding equity be made known to the first purchaser, his vendee for value, without notice, shall be shielded on account of his own good faith.

APPEAL from the chancery court of Madison county. YOUNG, Chancellor.

The bill was exhibited by T. H. & J. M. Allen & Co., and stated that William J. Hall and wife conveyed lot 27, in Goodman, on the 11th of January, 1867, to William T. Courts, who filed his deed for record April 6, 1867, and that W. T. Courts, on the 14th of May, 1867, mortgaged lot 27 to complainants, and that the lot 27 was subsequently sold under the mortgage and purchased by complainants; that said William J. Hall executed to Kennedy Harrington a mortgage of said lot 27, dated 18th of August, 1866, to secure $447.50, with power of sale in Harrington; that the mortgage to Harrington was filed for record 9th of April, 1867; that this mortgage was ante-dated, and was, in fact, executed subsequent to the execution of said deed of Hall to Courts, and that Courts did not know and had no notice of said deed from Hall to Harrington at the

time of the execution of the deed from Hall to Courts; that complainants, when they received said mortgage of lot 27 from Courts, did not have any actual notice of the mortgage to Harrington; that Harrington is about to exercise the power of sale in the mortgage, which is alleged to be illegal; that Harrington's mortgage throws a cloud on complainants' title, which they pray to have canceled and removed.

The bill prays injunction against the sale by Harrington of lot 27 under the power conferred by his mortgage.

The answer of Kennedy Harrington denies that his mortgage from Hall was ante-dated, and avers that it was executed on the day of its date, 18th of August, 1866, to secure money obtained the day before from respondent.

The answer denies that Courts did not know of said mortgage before he received a deed from Hall, and avers that Courts did have notice that Hall had executed said mortgage to respondent. The answer denies that complainants had not actual knowledge of said mortgage when they received their mortgage from Courts, and avers that they did have such notice, as well as the constructive notice furnished by the record.

The answer further states that respondent had sold lot 27, under the power in the mortgage, before process served on him in this suit, but he had not executed a deed to the purchaser.

The mortgage to Harrington was made an exhibit to his answer, and it recites that it was given to secure the payment of a note to Harrington, due the 15th of October, 1866.

*J. A. P. Campbell* and *H. S. Allen*, for appellants.

*Nugent & Yerger*, for appellees.

The counsel for both sides filed elaborate briefs, analyzing the testimony and citing authorities upon its weight and effect. But the supreme court, assimilating the decision of the chancellor upon a question of evidence to the verdict of a jury upon a question of fact, and finding the decision in this case "not against the preponderance of evidence," declined to go any farther into a revision of it. For this reason the briefs are omitted.

SIMRALL, J.:

The issue in this case is rather of fact than law. The mortgage from Hall to Harrington is prior in date to the deed from Hall to Courts, and would be an incumbrance on the land if Courts had notice of it, actual or constructive, before his purchase.

Hall's mortgage to Harrington is dated the 18th of August, 1866. It was acknowledged and filed for record, and recorded the 9th of April, 1867. Hall sold and conveyed to Courts on the 11th of January, 1867. The deed was filed and recorded the 6th of April, 1867. It appears, then, that Hall's mortgage to Harrington is older in date, by about four months, than the sale and conveyance to Courts; but that the deed to Courts was recorded three days before the mortgage.

Courts had not that conclusive constructive notice which a prior registration gives, and took the title unaffected by the mortgage unless he was charged with notice in some other mode. The statute makes a mortgage good, as against creditors and subsequent purchasers, from the time they are filed for record. It was said by Sir William Grant, in Wyatt v. Barwell, 19 Ves. 439, that it has been doubted whether the courts ought ever to have suffered the question of notice to be agitated against a party who had registered his conveyance. But fraud cannot be permitted to prevail, as it would if a subsequent purchaser should take

and register a deed to defeat the known title of another. The basis of the doctrine of notice is, that it is unconscientious and fraudulent to permit the junior purchaser to defeat a prior conveyance or incumbrance of which he has knowledge. Courts, although a junior purchaser, is entirely innocent and free of all blame if he acquired the title in ignorance of Harrington's mortgage.

There was an effort to prove that T. H. & J. M. Allen & Co., for whose benefit and security Courts conveyed the land by deed in trust, had notice at or before the deed of their deed of the priority of the mortgage to Harrington, over the conveyance to Courts. If that be so, and it be also true that Courts was ignorant of the mortgage when he purchased, then T. H. & J. M. Allen & Co. may well rely upon the want of notice to him. The rule is, if a person purchases for a valuable consideration with notice from one who bought without notice, he may shelter himself under the first purchaser, and appropriate his protection. If it were otherwise, a *bona fide* purchaser might be hindered and prevented in the sale of the property and compelled to keep it. So, too, if the outstanding equity be made known to the first purchaser, his vendee, for value without notice, shall be shielded on account of his own good faith. Parker v. Foy & Florer, 43 Miss. 265, 266 ; Price v. Martin, 46 ib. 489.

So, that although Courts may have had notice of the unregistered mortgage, yet, if the appellees took the deed of trust upon a valuable consideration, to secure a present indebtedness for money advanced upon the faith of the security and without notice of the unregistered mortgage, then their security is unaffected by Harrington's equity. Perkins et al. v. Swank et al., 43 Miss. 358, 359.

It would be useless to collate the testimony, with a view of showing that the decision of the chancellor is

not against its weight and preponderance. Most of the witnesses were examined before the court; the testimony is in some respects conflicting and contradictory. We follow the long established practice in this court, of deferring to the conclusions of the chancellor on matters of fact, unless against the weight of the evidence and the justice of the cause.

<em>The decree will be affirmed.</em>