## LIZZIE BALDWIN *v.* E. L. ANDERSON.

[60 South. 578.]

1. VENDOR AND PURCHASER. *Innocent purchaser for value. Courts. Rules of decision. Dicta. Notice of defects in title. Chain of title.*

   While it is the general rule, that possession of land by one claiming some interest therein, is notice to the world of the character and extent thereof, a well defined exception to this rule is that possession of land with claim of interest therein by a grantor thereof is not, after the recording of the deed executed by him, notice to an innocent purchaser for value from his grantee of his claim of an interest therein.

2. COURTS. *Rules of decisions. Dicta.*

   A court's expression of opinion upon a point actually involved in the issues and properly before it for determination, is not mere dictum although the actual judgment in the case is ultimately rested upon some other ground or grounds.

3. VENDOR AND PURCHASER.  *Notice of defects in title.  Innocent purchaser.*

   Inadequacy of consideration, whether in the deed to the purchaser, or in the deed to this grantor, is material in ascertaining whether a purchaser shall be charged with constructive notice of defects in title; and the fact that such consideration is grossly inadequate may under some circumstances alone be sufficient to charge a purchaser with notice of defects in the title.

4. BONA FIDE PURCHASER.  *Notice.  Claim of title.*

   A vendee of lands claiming to be an innocent purchaser for value without notice is presumed to know the contents of a deed in his grantor's chain of title.

5. VENDOR AND PURCHASER.  *Innocent-purchaser for value.  Notice.*

   Whatever is enough to excite attention, or put a party on inquiry, is notice of everything to which such attention or inquiry might reasonably lead.

APPEAL from the chancery court of Coahoma county. HON. M. E. DENTON, chancellor.

Suit by Lizzie Baldwin against E. L. Anderson. From a decree for defendant, complainant appeals.

The facts are fully stated in the opinion of the court.

*Maynard & Fitzgerald* and *Frank Johnston*, attorneys for appellant.  *Cutrer & Johnson*, attorneys for appellee.

No briefs of counsel on either side found in the record.

Argued orally by *Frank Johnson*, for appellant, and *J. W. Cutrer*, for appellee.

SMITH, C. J., delivered the opinion of the court.

There is very little conflict in the evidence in this case, from which it appears that on July 15, 1904, appellant, who was an old and ignorant woman, was the owner of the land in controversy, which was incumbered by deed of trust executed by her to the Colonial & United States

Mortgage Company on the 12th day of June, 1903, to secure the payment of three hundred and fifty dollars, due January 1, 1909, with ten per cent interest thereon, payable annually on the 1st day of January of each year. The first installment of interest on this note due by appellant to the Mortgage Company was for nineteen dollars and forty-five cents, and became due on January 1, 1904. It was paid by Mr. J. A. Glover, and the note evidencing it was assigned to him by the Mortgage Company. Mr. Glover had secured for appellant the loan from the Mortgage Company, and at the time he paid this interest note still retained in his hands the sum of about fifty dollars of the money obtained from the Mortgage Company by him for her.

On July 15, 1904, Glover falsely represented to appellant that he had paid the note due by her to this company, and that he wanted his money. She told him that she had no money, and that he would have to get his pay out of the land. After some discussion of the matter she executed to Mrs. S. P. Glover, wife of J. A. Glover, a deed to the property, clearly with the intention simply of securing Glover in the collection of the money which she supposed he had paid out for her. Glover promised to let her live on the land, and to feed and clothe her. The consideration recited in the deed to this land, which was duly recorded, was ten dollars cash, and "the payment of the debt due by me to the Colonial and United States Mortgage Company for three hundred and fifty dollars." On July 23, 1904, Mrs. Glover and her husband executed to the Planter's Bank a deed of trust on this land to secure an indebtedness of two hundred and fifty dollars. On June 7, 1905, appellee purchased the land from Mrs. Glover for the sum of four hundred and seventy-seven dollars and eighty cents in cash, and agreed to pay off and discharge the two mortgages then on the land, which, together with the four hundred and seventy-seven dollars and eighty cents paid in cash, amounted to the sum of

one thousand dollars. At this time appellant was living upon the land, but a tenant of Glover, one Morgan, was also living upon it, and in the house formerly occupied by appellant, she having, after executing her deed to Mrs. Glover, moved into another and smaller cabin. Afterwards, appellee paid off and discharged both of these mortgages. The rent from the land, probably for the year 1903, and certainly for the year 1904, was collected by Glover, and thereafter by appellee. The bill filed in the court below by appellant set up, among others, the foregoing facts, and prayed that the deeds executed by her to Mrs. Glover and by Mrs. Glover to appellee be cancelled as clouds upon her title. Appellee's defense is that he was a bona fide purchaser of the property without notice of any claim of appellant thereto. On final hearing the bill was dismissed, and from the decree of the court so doing this appeal is taken.

Appellee was without actual notice of the claim of appellant to the equitable ownership of this land at the time of his purchase thereof. But appellant contends that he must be charged with notice thereof for two reasons: First, because at the time of his purchase she was in possession of the land; and, second, because the consideration recited in her deed to Mrs. Glover is so grossly inadequate as to charge him with the duty of inquiring the reason therefor.

Assuming that appellant was in possession of this land within the meaning of the rule invoked by her, she is still not within the protection thereof. In *Hafter* v. *Strange,* 65 Miss. 323, 3 So. 190, 7 Am. St. Rep. 659, it was stated by the court that, while the general rule is that possession of land by one claiming some interest therein is notice to the world of the character and extent thereof, a well-defined exception to this rule is that possession of land with claim of interest therein by a grantor thereof is not after the recording of the deed executed by him notice to an innocent purchaser for value from his grantee of his

103 Miss.—30

claim of an interest therein. But it is said by appellant that such an exception to this rule has no foundation in reason, and is against the weight of authority, that its announcement by the court in this case was not necessary to the decision thereof, and is therefore mere *obiter dictum*, and should not be followed. In that case the appellee had invoked the rule here invoked by appellant, and the court in response thereto stated that appellee's case did not come within the general rule, but within this exception, and therefore she was not protected by the rule. It is true that after announcing this fact the court seems to have rested its opinion upon another ground; but this did not reduce its announcement of this exception to the rule to mere *dictum*. It still remained an authoritative announcement of the law.

In the language of Mr. Black, in his Law of Judicial Precedents, p. 174: "A court's expression of opinion upon a point actually involved in the issues and properly before it for determination is not reduced to the level of mere *dictum* by the fact that the actual judgment in the case is ultimately rested upon some other ground or grounds. It is not the practice of courts to rest their decisions upon a single ground when there are several in the case, nor upon the narrowest possible basis of fact. Neither is it necessary for the court to stop short when it has defined, in the narrowest possible terms, a precise point sufficient to dispose of the case. On the contrary, every consideration which is directly controlling of the actual issue tendered is a legitimate *ratio decidendi*, and any matter of fact or of law thus presented which would defeat the claim of the plaintiff is germane to the issue and the court's opinion thereon is not *obiter dictum*, although the opinion also disposes of other questions in a manner which would be determinative of the case. . . . Hence, it cannot be said that a case is not authority on a given point, because, although that point was properly presented and decided in the regular course of the consideration of the

case, something else was ultimately found which disposed of the whole matter." We think the court in *Hafter* v. *Strange, supra,* was right in adopting this exception to the rule here invoked; but, if we thought otherwise, we would not now overrule it. The case of *Alliance Trust Co.* v *Nettleton Hardwood Co.,* 74 Miss. 584, 21 So. 396, . 36 L. R. A. 155, 60 Am. St. Rep. 531, cited by counsel for appellee as reannouncing this exception to the rule, seems not to be in point.

Inadequacy of consideration, whether in the deed to the purchaser or in the deed to his grantor, is material in ascertaining whether a purchaser shall be charged with constructive notice of defects in the title; and the fact that such consideration is grossly inadequate may under some circumstances alone be sufficient to charge a purchaser with notice of defects in the title. This land, according to the testimony of appellee, is worth one thousand dollars; according to that of appellant sixteen hundred dollars. The consideration paid by Mrs. Glover was ten dollars cash, and the payment of the note due the Mortgage Company for three hundred and fifty dollars, which note was not then due and would not become due for three and one-half years. Accepting as true the value placed on the land by appellee, the consideration agreed to be paid by Mrs. Glover therefor amounted to only one-third of its value. The sale of land for one-third of its value is, to say the lease, unusual, and the recital of such a consideration in a deed, coupled with the fact that the consideration agreed to be paid was the payment of a note of the grantor, which would not become due for three and one-half years, is sufficient to suggest to the mind of the average man that the entire consideration was not expressed in the deed, or that there was a defect in the title, and thus put him upon inquiry before purchasing the land.

When appellee purchased the land, he knew that the debt to the Mortgage Company had not been paid. He

knew, or is presumed to have known (*Deason* v. *Taylor*, 53 Miss. 697), what the recited consideration in the deed was. This knowledge was sufficient to have excited his attention and put him upon inquiry.

A slight investigation would have conducted him to a knowledge of the true state of the title; consequently, he must be charged with knowledge thereof, for "whatever is enough to excite attention, or put a party on inquiry, is notice of everything to which such attention or inquiry might reasonably lead." *Parker* v. *Foy*, 43 Miss. 260, 5 Am. Rep. 484.

We express no opinion upon the matter set forth in appellee's cross-bill.

*Reversed and remanded.*