## CRAGO v. VITTER.

[81 South. 646, Division B, No. 20423.]

1. VENDOR AND PURCHASER. *Recording as notice.* ·

   Where a deed granting to defendant the right to put up a bath house and wharf in front of the grantor's property was recorded prior to the purchase of the property by plaintiff or her mother, plaintiff was charged with notice of the rights conferred on defendant by such deed.

2. EASEMENTS. *Description of property. Sufficiency.*

   In this case the court held that the provisions in the deed granting to the defendant the right to put up a wharf and bath house in front of the property of the grantors on the beach was sufficiently certain in description and conveyed an easement into the waters fronting the beach appurtenant to the lot sold to defendant, and that such grant was irrevocable by the grantor or those claiming under him.

3. · SAME.

   The court further held that if there was any uncertainty in the description on the deed it was a latent and not a patent ambiguity and could be aided by parol testimony.

APPEAL from the chancery court of Harrison county. HON. W. M. DENNY, Chancellor.

Bill by Bertha A. Vitter against William Crago, who filed an answer and cross-bill. From a decree for complainant defendant appeals.

The facts are fully stated in the opinion of the court.

*Green & Green,* for appellants.

*Robert B. Mayes, Robert Powell* and *J. A. Leathers,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was complainant in the court below, and filed a bill in the chancery court to enjoin appellant from erecting a wharf and bathhouse in front of the property of complainant. The property described in the bill and exhibit· is all that certain tract of land, together with all improvements thereon, except lots 8, 10, and 12, having a front on the Gulf of Mexico of one hundred and twenty-five feet, extending back between parallel lines to the right of way of the· Louisville & Nashville Railroad, bounded on the east by a street laid out in the Bienville addition of the city of Biloxi, and the prolongation thereof to the seashore; on the west by Sylvania avenue; on the north by the right of way of the Louisville & Nashville Railroad; on the south by the Gulf of Mexico.

It is alleged that the defendant, without authority or permission from the complainant, is attempting to build and is building and constructing a wharf or pier and bathhouse on the beach front of complainant's land so described. The defendant filed an answer and crossbill setting out a claim of right to erect the wharf and bathhouse under the provisions of the deed to him made by Mrs. M. C. Bettison, Edmund G. Bettison, Margaret C. Bettison and Ellen R. Bettison, conveying lots 8, 10, and 12 in Hartease Park, according to the plan of said park made by D. N. Brosnan, civil engineer and surveyor, dated June 6, 1894, annexed to a deed by Mrs. Hattie S. Marion to Ulric Bettison, dated June 23, 1894. The deed to William Crago recited that Ulric Bettison died on August 16, 1900, leaving his widow and children as heirs, and also a minor grandchild, Hattie Lee Grigsby, about eighteen years of age, and, among other things, the deed contains the following provisions relied upon by the defendant in this case as a foundation of his right to erect the pier and bathhouse:

"And we bind ourselves that the said minor child, Hattie Lee Grigsby, shall execute a deed transferring her interest in said property to the said purchaser as soon as she shall have arrived at the age of majority, And we do hereby grant to the said purchaser the right to put up a wharf and bathhouse in front of our property on the beach. Which lots are a portion of the same property acquired by the said Ulric Bettison by deed dated June 23, 1894, from Hattie S. and Thophilus Marion, and recorded in the clerk's office for Harrison county in Book No. 30, pages 317, 318 and 319."

This deed bears date of the 20th day of July, 1909, was acknowledged the same date, and filed for record at 5 o'clock on the 7th day of August, 1909,

Defendant also relied upon the deed from Hattie Lee Grigsby to the said property containing similar clauses and references as the first deed to the defendant above referred to, which deed is dated March 26, 1910, acknowledged the same date, and filed for record at 1:30 p. m. on April 14, 1910.

The complainant relied upon the deed from Mrs. Margaret Catchart Bettison, Miss Ellen Rapp Bettison, Miss Hattie Lee Grigsby, Edmund G. Bettison, Margaret Bettison, and D. C. Bettison, dated December 29, 1909, to Mrs. Marie E. Artigues, which deed contains the following acknowledgments:

"State of Louisiana, Parish of Orleans.

"Before me, the undersigned, a notary public in and for the above named state and parish, this day appeared Mrs. Margaret Catchart Bettison, Miss Ellen Rapp Bettison, and Miss Hattie Lee Grigsby, personally known to me, who declared and acknowledged before me and in the presence of S. Metzner and P. R. Ferrera, witnesses, that their signature to the foregoing deed is genuine and that they signed same for the purposes and consideration therein expressed.

"In testimony whereof I have hereunto set my hand and official seal on this 29th day of December, 1909.
"[Signed]                              BERNARD TITCHE,
                          "Notary Public.   [Seal.]
"Witnesses:
"S. METZNER.
"P. R. FERRERA."
"State of Kentucky, County of Barren.
"I, P. W. Holman, as notary public in and for the county and state aforesaid, certify that the foregoing deed from D. C. Bettison and his wife, Margaret Bettison, and Edmund G. Bettison, was this day presented to me in my office, and acknowledged by each of them before me in due form of law.
"Witness my hand and seals as notary public aforesaid this 7th day of January, 1910.
                    "[Signed] P. W. HOLMAN."

Which deed was filed for record at 10 o'clock a. m. on March 23, 1910. Mrs. Artigues was the mother of the appellee, and conveyed to her.

The defendant introduced evidence from his grantor, Mrs. Bettison, that it was the intention of the parties grantors in making the deed to William Crago to grant the right to erect a wharf and bathhouse. Crago testified that he had a conversation with Mrs. Artigues, mother of complainant, about erecting the bathhouse originally erected, and which was blown down by a storm, and that she said to go ahead; that he had a right to erect it.

The map made by the civil engineer referred to in the deed to the defendant as being annexed to the deed of Mrs. Hattie S. Marion to Ulric Bettison dated June 23, 1894, was introduced in evidence, and was of record with the deed, and shows the property to face the Gulf of Mexico, and identifies the property that was facing it as part of Heartease Park.

The chancellor on final hearing made the injunction perpetual and adjudged that the appellant, defendant below, had no right to erect the bathhouse and wharf or pier, from which judgment this appeal is prosecuted.

It appears that the original deed from Bettison to Crago was filed and recorded prior to the purchase by the appellee, or her mother, and we think that appellee was fully charged with notice of all the rights conferred on Crago by the said deed. We think that the provision in the deed referred to granting to the purchaser the right to put up a wharf and bathhouse in front of the property of the grantors on the beach is sufficiently certain in description and conveys an easement into the waters fronting the beach appurtenant to the lot sold to Crago, which grant is irrevocable by the grantor or those claiming under the grantor.

We think the authorities of this state fully sustain the proposition that the description here involved is not void for uncertainty, and that the reference contained in the deed furnished an adequate description of the location of the place for the erection of the bathhouse, and if there is any uncertainty in the description, taking the deeds referred to and the map referred to together, it can certainly be supplied by parol testimony. In other words, it would be a latent ambiguity, and not a patent ambiguity. See authorities cited in the Mississippi Digest Annotated, vol. 1, p. 852, under ttle "Deeds," sections 37 and 38, subtitle "Description of Property."

We are of the opinion that the defendant was entitled to the relief prayed for in the cross-bill, and that the complainant is not entitled to any relief; wherefore the judgment of the court below is reversed, the injunction dissolved, and the cause remanded, with directions to assess damages for the wrongful suing out of the injunction.

*Reversed and remanded.*