## GLASS *v.* HARDISON *et ux.**

(Division B. Dec. 12, 1927. Suggestion of Error Overruled Jan. 9, 1928.)

[114 So. 879. No. 26755.]

1. VENDOR AND PURCHASER. *Record showing cancellation of deed of trust by renewal held sufficient notice to purchaser to put him on inquiry.*

   Record showing cancellation of deed of trust by renewal *held* sufficient notice to purchaser of property covered thereby to put him on inquiry, which, if followed up, would have revealed other equities chargeable against land.

2. VENDOR AND PURCHASER. *Purchaser requiring attorney to hold note and check, constituting consideration for land, held not "innocent purchaser for value."*

   Purchaser of land, requiring note and check representing consideration to be held in escrow by his attorney, *held* not an "innocent purchaser for value," because, as long as note and check were retained by attorney, and might be returned to purchaser, there was nothing paid on purchase price of land.

*Corpus Juris-Cyc. References: Vendor and Purchaser, 39Cyc, p. 1702, n. 17, 20; p. 1703, n. 30; p. 1705, n. 31; p. 1720, n. 29. On the question as to sufficiency of facts to put purchaser of real property on inquiry as to outstanding equities, see 27 R. C. L. 710; 3 R. C. L. Supp. 1519; 4 R. C. L. Supp. 1764.

APPEAL from chancery court of Attala county.

HON. T. P. GUYTON, Chancellor.

Suit by D. H. Glass against D. E. Hardison and wife, wherein defendants filed a cross-bill. From the decree, plaintiff appeals, and defendants cross-appeal. Affirmed on both direct and cross-appeal, and remanded.

*Jas. T. Crawley,* for appellant.

A person in dealing with another in respect to real estate may rely on the record title to the property in the absence of actual knowledge of the title or fact or facts sufficient to put him on inquiry in respect thereto. He

who acts in reliance on the record has behind him not only the material equities of his position but also the especial equities arising from the protection afforded every one who trusts the record.  (23 R. C. L., par. 55, p. 197, and citations thereunder).

The fact that a trust deed is released of record prior to the date on or before which the note secured thereby was payable is not a circumstance to excite inquiry by an intending purchaser, and he acquires title paramount to such released deed of trust though such note remained unpaid, where it appears that the obligor had the money to pay the note before maturity (23 R. C. L., par. 55, p. 198).

The deed of trust executed by G. M. and M. J. and W. B. McGarrah to J. W. Rimmer and Brother, showed that it was due on or before the first day of November, 1919. Therefore, the said note was due at the time it was marked paid and satisfied, and this fact did not place Mr. Glass on inquiry.

In a majority of the states the rule is that the burden is on the grantee, morgagee or other person whose duty it is to have an instrument recorded, as between him and a subsequent *bona-fide* purchaser, to see that all of the prerequisites of a valid and complete recordation are complied with, if he desires the protection afforded by the recording acts.   The record will not impart constructive notice to subsequent mortgagees or purchasers unless it fully complies with the law, and where one of the grantors fails to execute the deed and any loss results, it must fall on the grantee in the original deed and not on the subsequent purchaser.   The question naturally arises as to how much reliance may be placed upon the record.   This question has been recently settled in Mississippi in *Turner* v. *Bell et al.,* 109 So. 794.

Under this case we can safely assume and we contend that Mr. Glass in searching the records discovered that W. B. McGarrah held a one-half interest in the same, therefore as he had not conveyed his one-half interest

in the property that he had a right to sell it to whom- soever he pleased.

When the court held that D. H. Glass acquired title to this land subject to such outstanding indebtedness as W. B. McGarrah owed J. W. Rimmer and Brother at the time his father and mother sold the place to D. E. and Florence Hardison, we respectfully submit that the court committed grevious error. The court was attempting to impose terms in a contract not contemplated by either party to this deed in question. Mr. Glass had a right to rely upon his warranty deed and he does do so.

We desire to call the attention of the court to the fact that the pleadings in this case do not show that J. W. Rimmer and Brother filed any cross-bill against D. H. Glass. They having filed no cross-bill against him, the prayer which is contained in their answer cannot be enforced. It is a well-settled principal of equity in this state that affirmative relief can be secured only through an original bill or through a cross-bill. The said J. W. Rimmer and Brother have filed neither against appellant, D. H. Glass. Consequently when the court enters an order subjecting the property bought by Glass from McGarrah to any outstanding indebtedness which may have been due by McGarrah to Rimmer at the time of the purported sale to the Hardisons, he is giving relief against Glass for which there is no law. That is to say, the court cannot decree anything in this case against Glass in favor of J. W. Rimmer and Brother because J. W. Rimmer and Brother have not filed a cross-bill against Glass and asked for any remedy.

*J. D. Guyton* and *J. G. Smythe,* for appellees.

In *Parker* v. *Foy,* 43 Miss. 265, this court says: "If the purchaser had notice before the execution of the deed, or payment of the purchase money he will be bound by it. In order to the protection, the purchase must be complete, there must be on the one side an execution of the

conveyance, and on the other a payment of the whole of the purchase money, and the protection will be denied if the notice be given before the transaction is complete in either particular.'' This case is cited with approval in *Perkins et al.* v. *Swank,* 43 Miss. 360; *Davis* v. *Pearson,* 44 Miss. 512; *Harrington* v. *Allen & Co.,* 48 Miss. 495; *Buck* v. *Paine,* 50 Miss. 655.

In *Deeson* v. *Taylor,* 53 Miss. 701, this court pertinently says: ''Nothing is better settled than that the purchaser of real estate is bound to take notice of all recitals in the chain of title through which his own title is derived. Not only is he bound by everything stated in the several conveyances constituting that chain, but he is bound fully to investigate and explore everything to which his attention is thereby directed.'' This rule applies with equal force to recitals in the records other than those through which the purchaser claims title if he had actual knowledge and read such other records. *Henderson* v. *Cameron,* 73 Miss. 843, 20 So. 2. In *Rowan* v. *Adams,* S. & M. Ch. p. 45, this court held that where one about to purchase a tract of land was informed that another had ''some sort of claim to it'' that this information was sufficient to put the purchaser upon inquiry. See 39 Cyc. 1730, n. 92.

In *Levy* v. *Holberg,* 67 Miss. 529, 7 So. 431, this court holds that possession of the tenant is possession of the landlord, and that since possession of the holder of an unrecorded deed is notice of the occupant's title, then for the same reason possession of a tenant under a landlord having an unrecorded deed is likewise notice of the landlord's title. The same rule is announced in *Bratton* v. *Rogers,* 62 Miss. 281, where the defense interposed by Rogers that he was a *bona-fide* purchaser was defeated by the fact that the lands were in actual occupancy of the complainant by his tenant. In 39 Cyc. 1758, the rule is stated that: ''In the United States it is now universally held that the possession of a tenant of real estate is constructive notice as to third parties of the title of the

landlord." The same authority, 39 Cyc. 1759 (e) says that: "Possession of the entire premises by one of several tenants in common is sufficient to put a purchaser from a cotenant on inquiry as to the interest in the property claimed by the occupant." Much more so would this rule apply when the appellant saw Hardison's tenant in possession and made no inquiry of him, and at the same time knew his own grantor was not in possession and he made no inquiry of him.

*Turner* v. *Bell,* 109 So. 794, the only Mississippi case cited by appellant, has no bearing on any point involved in this case. That case merely decides, and correctly so, that a recorded deed of trust executed by the grantee of the standing timber under any unrecorded deed from the record owner of the land is not constructive notice to and does not put on inquiry a subsequent purchaser from the same record owner. In the case at bar it is not a question as to whether or not the deeds from G. M. McGarrah are constructive notice to the appellant of the recitals therein or the fact that both on their face convey the entire fee, for the simple reason that appellant in his testimony often stated that he did not depend on the opinion of D. E. Crawley that the title was good, but that he personally investigated the record for himself and that in making this investigation he saw and read and carefully examined the above-mentioned deed and trust deed. In other words the appellant had actual notice of said records, whereas in the Turner case, it was purely a question of constructive notice.

Argued orally by *Jas. T. Crawley,* for appellant, and *J. D. Guyton,* for appellees.

HOLDEN, P. J., delivered the opinion of the court.

The appellant, D. H. Glass, filed his bill against D. E. Hardison and wife for partition of certain land, of which he (Glass) claimed to be the owner of an undivided one-half interest. The appellees answered, and denied that

Glass, the appellant, had any title to the land, and claimed that they owned the entire interest therein. There was a cross-bill filed, and a cross-appeal is taken to this court by the appellees, as well as a direct appeal by the appellant, Glass, for the purpose of settling the propositions of law involved. The case, however, was heard upon certain evidence before the chancellor, and his finding of fact appears in his written decree in this record.

The questions presented for our decision on the direct appeal are: First, whether or not the appellant, Glass, secured a good title to a one-half interest in the land involved from one W. B. McGarrah, as an innocent purchaser for value; or whether the appellant, Glass, purchased a one-half interest in the land after being put upon inquiry by the records of the county, which, if followed up, would have shown that McGarrah's interest was subject to other claims and interests of the other appellees herein, who had equities amounting to several thousand dollars against the land; and, second, whether or not the appellant, Glass, could assert his interest in the land in the partition proceedings without first having paid the amount due by him to McGarrah, for the transfer of McGarrah's interest to Glass. The record shows that Glass executed a note for one thousand dollars and signed a check for one thousand dollars which represented the consideration for the purchase price of the one-half interest purchased from McGarrah; but that Glass had the note and check held, as we may say, in escrow, by his attorney and the check and note have never been delivered in payment of the purchase price of the one-half interest in the land.

The chancellor held, under the law and the facts, that:

"D. H. Glass is not a *bona-fide* purchaser for value without notice of the prior and paramount equities against the interest of his grantor, W. B. McGarrah, in said lands; that the records, as shown by the evidence in this cause, were sufficient to put him on notice and inquiry, which, if followed out as a reasonably prudent

man would do, would have disclosed to him all of the facts shown by the evidence in this cause in regard to the true condition of the title to said lands; and because, further, the full purchase price of the land has not been paid by D. H. Glass.''

The chancellor further held that whatever interest Glass secured from McGarrah was subject to an indebtedness imposed upon said land by W. B. McGarrah in his deed of trust to J. W. Rimmer and brother, of record in Book 47, p. 387.

The appellant, Glass, contends that the deed of trust just mentioned had been canceled of record, and that, therefore, he had no notice sufficient to put him on inquiry as to any equity against the land held by the other parties mentioned herein. The cancellation of the deed of trust, on the records, as entered by the clerk, was in the following words: ''This deed of trust has been fully paid and satisfied by renewal. This 16th day of June, 1920,''.attested by the clerk.

We think that the record showing cancellation ''by renewal'' was sufficient notice to Glass, the purchaser, to put him on inquiry, which, if followed up, would have revealed to him the other equities chargeable against the land he was attempting to purchase from McGarrah. Therefore the decree of the chancellor in this regard is correct.

We also think correct the holding of the chancellor on the other proposition, that is, that the appellant, Glass, is in no position to claim title and demand partition of the land involved, because he is not a *bona-fide* purchaser for value of the land, since he has not, as yet, paid out anything on the purchase price of the one-half interest he bought. He has not been damaged, so far as paying for the land is concerned, because the check and note executed by him for one thousand dollars each are still retained by the attorney, and may be returned to Glass, in which event and even now, he cannot be said to be a purchaser for value paid. If it could be said that ap-

pellant's contention that he was an innocent purchaser, so far as the records are concerned, is correct, which we hold otherwise, still he could not claim that he was "an innocent purchaser for value," because he had not paid the purchase price of the land. *Parker* v. *Fox,* 43 Miss. 265, 5 Am. Rep. 484. Therefore we think that the chancellor's conclusion on that proposition was correct.

The cross-appeal is upon the ground that the chancellor erred in appointing a master to take and state an account between the parties, and in holding that W. B. McGarrah had a one-half undivided interest in the Briscoe place, and, as such, is a tenant in common with D. E. Hardison and wife; and that it was error for the court to refuse to cancel the title of W. B. McGarrah and the deed from McGarrah to D. H. Glass, as clouds on the title of Hardison and wife; and in holding that Glass, the grantee of McGarrah, is the owner of an undivided one-half interest in the Briscoe place, and a tenant in common with Hardison and wife; and in decreeing a sale of the Briscoe place and a division by the proceeds, after adjusting the equities between the parties; it being contended by cross-appellant that the chancellor should have canceled, outright, the claim of McGarrah and Glass, and awarded the land wholly to Hardison and wife. Without going into a detailed discussion of the question involved, it is our judgment that the holding of the chancellor, as shown by his written decree in this regard, was correct under the finding of facts in the record, and the decree of the chancellor relative thereto was also correct. Therefore the decree should be affirmed on cross-appeal.

In view of the conclusions reached above, the decree of the lower court on direct appeal and cross-appeal is affirmed, and the cause remanded for further proceedings.

Affirmed on direct and cross-appeal, and remanded.

*Affirmed and remanded.*