# Bowen, et ux. *v.* Thornton

No. 40104          April 9, 1956          86 So. 2d 505

*Dan E. Breland,* Jackson, for appellant.

564

*O. B. Triplett, Jr.,* Forest, for appellee.

HALL, J.

On December 11, 1950, J. B. Butler and wife conveyed to Charles N. Bowen and wife a tract of land in Smith County for a consideration of $6,500.00, and on the same date Bowen and wife executed to Butler a deed of trust to secure a balance of $3,500.00 due on the purchase price. On October 29, 1952, Charles N. Bowen and wife conveyed the same property to Sam Houston and wife for a consideration of $8,500.00. The deed recites: "In consideration of Eight Thousand Five Hundred Dollars ($8,500.00), Three Thousand One Hundred and Twenty-seven Dollars ($3,127.00) cash, and the remainder se-

cured by separate deeds of trust executed on this day, we convey and warrant to Sam Houston and wife Mary Houston the following described property to-wit: * * *''. One of the deeds of trust was that which was due to J. B. Butler. The other was to secure the balance of $2,541.00 plus 6% per annum interest from and after October 29, 1952. There was some confusion with reference to the last mentioned deed of trust and the same was actually never executed by Houston and wife. On September 21, 1953, Houston and wife conveyed the property by warranty deed to Hubert Thornton for a recited consideration of $10.00 and other considerations. On the same day Thornton paid off the deed of trust held by Butler and 10 days later Thornton filed a bill against Bowen and Wife alleging that they do not have a deed of trust on said land but that they claim to have one, and that said claim casts a cloud and suspicion upon Thornton's title and should be cancelled. Bowen and wife answered and also filed a cross bill asserting their claim by way of an equitable lien for the aforesaid $2,541.00 and interest.

Upon the hearing the chancellor found as a fact that Houston and wife have never paid the $2,541.00 due to Bowen and wife, but he further held that the recitals contained in the deed from Bowen and wife to Sam Houston and wife were insufficient to constitute constructive notice of a deed of trust on said land and that the recital that the unpaid purchase price was secured by separate deeds of trust constituted a waiver of any implied lien. The question presented is one of law and not of fact and we are not called upon to reverse the chancellor on a finding of fact. ▮ ▮ The recital in the deed from Bowen to Houston clearly showed that the total consideration was $8,500.00 and that only $3,127.00 had been paid. The amount due to J. B. Butler was considerably less than the difference between these figures and we think that Thornton was thereby put on notice that there was a balance due to Bowen and wife. ▮ ▮

A case almost exactly in point is Deason v. Taylor, 53 Miss. 697, 5 Am. Dec. 484, from which we quote as follows:

"In the face of the deed which Taylor executed to Deason was this recital: 'The party of the first part (the vendor), for and in consideration of the sum of $700, to be paid on or before the first day of July, 1872, by the party of the second part' (the vendee), etc. For this sum of $700, Deason, the vendee, executed his note to Taylor, due 1st of July, 1872. The deed was recorded at once, and Deason took possession of the premises. Without having completed payment in full of the note, Deason sold the premises in 1874 to Hoskins, who subsequently sold to Mrs. McClendon. Both Hoskins and Mrs. McClendon deny actual knowledge, at and before their purchases, that any thing remained due to Taylor.

"Did the law give them constructive notice of Taylor's rights? Nothing is better settled than that the purchaser of real estate is bound to take notice of all recitals in the chain of title through which his own title is derived. Not only is he bound by everything stated in the several conveyances constituting that chain, but he is bound fully to investigate and explore every thing to which his attention is thereby directed. Where, therefore, he is informed by any of the preceding conveyances, upon which his own deed rests, that the land has been sold on a credit, he is bound to inform himself as to whether the purchase-money has been paid since the execution of the deed. Wiseman v. Hutchinson, 20 Ind. 40; Croskey v. Chapman, 26 Ind. 333; Johnston v. Gwathmey, 4 Litt. (Ky.) 317.''

In Dead River Fishing & Hunting Club v. Stovall, 147 Miss. 385, 113 So. 336, we said: "A purchaser of land is charged with notice not only of every statement of fact made in the various conveyances constituting his chain of title, but he is also bound to take notice of and to fully explore and investigate all facts to which his

attention may be directed by recitals in said conveyance contained. The duty is also imposed on him to examine all deeds and conveyances previously executed and placed of record by his grantor—either immediately or remote—if such deeds or conveyances in any way affect his title. And if in any such deed or conveyance there is contained any recital sufficient to put a reasonably prudent man on inquiry as to the sufficiency of the title, then he is charged with notice of all those facts which could and would be disclosed by a diligent and careful investigation. Parker v. Foy, 43 Miss. 260, 5 Am. Rep. 484; Deason v. Taylor, 53 Miss. 697; Alliance Trust Co. v. Nettleton Hardware Co., 74 Miss. 584, 21 So. 396, 36 L. R. A. 155, 60 Am. St. Rep. 531; Baldwin v. Anderson, 103 Miss. 462, 60 So. 578; Crago v. Vetter, 120 Miss. 103, 81 So. 646.''

The Dead River case was followed with approval in the recent case of Burkett v. Peoples Bank of Biloxi, 83 So. 2d 185, not yet reported in State Reports, and the law seems to be well settled in this state not only by the authorities which we have cited but by others quoted in the opinions in the above cases. It seems conclusive to us as a matter of law that Mr. Thornton, by the recitals in the deed under which he claims from Bowen to Houston was put on constructive notice and should have made inquiry of the Bowens as to the lien held by them.

The decree of the lower court must therefore be reversed and a decree will be here entered fixing a lien on the land in favor of Bowen and wife for $2,541.00 plus six percent interest per annum from and after October 29, 1952, and the case will be remanded for foreclosure of this lien.

Reversed and remanded.

*Roberds, P.J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.